■ ROBERT KOCH, Appellant, v E.C.H. HOLDING CORP. et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Respondents. SUFFOLK CEMENT PRODUCTS, INC., Third-Party Defendant-Respondent. [669 NYS2d 896] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated

October 7, 1996, which, *inter alia,* granted the respective motions by the third-party defendant second third-party defendant Suffolk Cement Products, Inc., the defendant third-party plaintiff Dame Construction, Inc., and the defendant second third-party plaintiff E.C.H. Holding Corp., and the second third-party plaintiff Dennis McSpedon, as Treasurer of the Joint Industry Board of the Electrical Industry, for summary judgment dismissing the complaint, third-party complaints, and all cross claims and counterclaims insofar as asserted against them, and denied his cross motion for summary judgment.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff was employed by the third-party defendant second third-party defendant, Suffolk Cement Products, Inc. (hereinafter Suffolk), as a cement truck driver. On December 11, 1989, he delivered cement to a site in Southampton where a building was being constructed by the defendant third-party plaintiff Dame Construction, Inc. (hereinafter Dame) on property owned by the defendant second third-party plaintiff E.C.H. Holding Corp. (hereinafter E.C.H.). After making the delivery, the plaintiff drove his truck a short distance away and began washing out the truck, using the hose and water that were on the truck. After washing the cement chutes, the plaintiff climbed a ladder to a platform on the top of the truck to wash the hopper and the rim of the barrel. The plaintiff was standing on the platform when his feet slipped and he fell to the ground.

The plaintiff subsequently commenced this action pursuant to Labor Law § 240 (1) and § 241 (6) against, among others, E.C.H. and Dame, which then commenced third-party actions against Suffolk, the plaintiff's employer.

Labor Law § 240 (1) imposes a nondelegable duty and absolute liability upon owners or contractors for failing to provide safety devices necessary for the protection of workers subject to the risks inherent in elevated work sites who sustain injuries proximately caused by that failure (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *see also, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). However, the protection of the statute is limited by its express terms to those situations involving " 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure' " (*Smith v Shell Oil Co.,* 85 NY2d 1000, 1002; *Jock v Fien,* 80 NY2d 965). It is well settled that the statute does not apply to routine maintenance in a non-construction, non-renovation context (*see, Phillips v City of New York,* 228 AD2d 570; *Howe*

*v 1660 Grand Is. Blvd.*, 209 AD2d 934; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.*, 195 AD2d 592). It is clear from the record that the plaintiff was injured while performing a routine cleaning of his truck, an activity which was neither necessary nor incidental to the erection or repair of a building or structure (*see, Shields v St. Marks Hous. Assocs.*, 230 AD2d 903; *Gentile v New York City Hous. Auth.*, 228 AD2d 296; *Rennoldson v Volpe Realty Corp.*, 216 AD2d 912; *Sandi v Chaucer Assocs.*, 170 AD2d 663).

Contractors and owners must provide " 'reasonable and adequate protection and safety' to employees working in, and persons lawfully frequenting, '[a]ll areas in which construction, excavation or demolition work is being performed' " (*Jock v Fien, supra*, at 968, quoting Labor Law § 241 [6]; *Perchinsky v State of New York*, 232 AD2d 34). The dismissal of the plaintiff's claim pursuant to Labor Law § 241 (6) was also proper since the plaintiff was not engaged in "construction work" within the meaning of the statute when he fell (*see, Houchang Haghighi v Bailer*, 240 AD2d 368; *Bermel v Board of Educ.*, 231 AD2d 663; *Phillips v City of New York, supra*). Thompson, J. P., Pizzuto, Joy and Florio, JJ., concur.