■ JOSEPH M. PASQUALE, Respondent, v CITY OF BUFFALO et al., Appellants. [680 NYS2d 140] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover damages for injuries he allegedly sustained at an elementary school in Buffalo. He was about to replace the cap on top of a boiler when he slipped and fell from an I-beam onto the top of the boiler. The boiler had been "down" for approximately three to four weeks for brick repairs that were performed by bricklayers retained by plaintiff's employer, Ronald Villagomez. Villagomez had a contract with defendant City of Buffalo Board of Education (School Board) for the maintenance of the boilers at the school. Plaintiff alleged causes of action for common-law negligence and Labor Law violations.

Supreme Court erred in granting plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and in denying those parts of defendants' cross motions seeking summary judgment dismissing that claim. At the time of his accident, plaintiff was engaged in routine maintenance, which is not a protected activity under Labor Law § 240 (1) (*see generally, Joblon v Solow,* 91 NY2d 457). We reject defendants' contention, however, that plaintiff was not engaged in a protected activity under Labor Law §§ 200 and 241 (6). The definition of "construction work" under the Industrial Code includes "work of the types performed in the construction, erection, alteration, *repair, maintenance,* painting or moving of buildings or other structures" (12 NYCRR 23-1.4 [b] [13] [emphasis added]; *see also, Joblon v Solow, supra,* at 466). Labor Law § 200 is not limited to construction work.

The court also erred in denying those parts of defendants' cross motions for summary judgment with respect to the common-law negligence cause of action and Labor Law § 200 claim. Defendants established by proof in admissible form that they did not exercise the requisite supervision or control over plaintiff or the manner in which he performed his work, and plaintiff failed to come forward to show the existence of an issue of fact (*see, Lombardi v Stout,* 80 NY2d 290, 295; *see also, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 352). Additionally,

defendants established by proof in admissible form that the alleged hazardous condition was readily observed and known to plaintiff before his accident, and plaintiff failed to come forward to show the existence of an issue of fact (*see, McGrath v Lake Tree Vil. Assocs.,* 216 AD2d 877, 877-878; *see also, Ramski v Zappia Enters.,* 229 AD2d 990).

We reject the contention of the School Board that this action is barred because plaintiff was its employee at the time of his accident. The record establishes that plaintiff was employed by Villagomez. The School Board's reliance on a 1988 decision by the New York State Department of Labor in an unrelated matter is misplaced. We further reject the contention of defendant City of Buffalo that it is not an "owner" within the meaning of the Labor Law (*see, Adimey v Erie County Indus. Dev. Agency,* 89 NY2d 836, *modfg* 226 AD2d 1053 *for reasons stated in dissenting in part mem below*).

We therefore modify the order by denying plaintiff's motion and by granting in part defendants' cross motions for summary judgment and dismissing the common-law negligence cause of action and Labor Law §§ 200 and 240 (1) claims.

All concur except Balio, J., who dissents in part and votes to affirm in the following Memorandum.

Balio, J. (dissenting in part). I respectfully dissent in part and vote to affirm because I conclude that Supreme Court properly granted plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and denied defendants' cross motions for summary judgment dismissing that claim.

The record establishes that the work performed by plaintiff was not routine maintenance. The boiler had been shut down for renovation work, including the installation of a computer and the renovation of a brick wall on the side of the boiler. When that work was completed, the boiler could not be operated until a cap was bolted to the top of the boiler. Because completion of the renovation work provided the occasion for the performance of plaintiff's task, the issue is whether the renovation work constituted a *"significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow,* 91 NY2d 457, 465). Plaintiff met his initial burden of establishing that the renovation work constituted a significant physical change, and defendants failed to submit evidence to controvert that proof. I otherwise agree with the majority's resolution of this appeal. (Appeals from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Balio and Boehm, JJ.