■ GORDON L. WITTMEYER et al., Appellants, v HOLLAND CENTRAL SCHOOL DISTRICT, Respondent and Third-Party Plaintiff, et al., Defendant. HOWGEN TRANSPORT COMPANY, INC., Third-Party Defendant-Respondent. [679 NYS2d 918] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of defendant Holland Central School District (District) for summary judgment dismissing the complaint. There is no merit to the contention of plaintiffs that summary judgment should have been granted in their favor because the fall occurred under circumstances in which one or more of the devices enumerated in Labor Law § 240 were required to provide proper protection. Rather, the record establishes that Gordon L. Wittmeyer (plaintiff) "was injured while performing a routine cleaning of his truck, an activity which was neither necessary nor incidental to the erection or repair of a building or structure" and thus was not

within the ambit of Labor Law § 240 (1) (*Koch v E.C.H. Holding Corp.,* 248 AD2d 510, 512, *lv denied* 91 NY2d 811). Additionally, plaintiff's accident was not the type of fall from an elevated worksite intended to be covered by the statute (*see, DePuy v Sibley, Lindsay & Curr Co.,* 225 AD2d 1069; *Cipolla v Flickinger Co.,* 172 AD2d 1064). Finally, the speculation of plaintiffs that further discovery would yield factual issues precluding summary judgment on the cause of action under Labor Law § 200 is insufficient to defeat the motion (*see, Palmatier v Eastman Kodak Co.,* 247 AD2d 869; *Armatys v Edwards,* 229 AD2d 906). (Appeal from Order of Supreme Court, Erie County, LaMendola, J.—Summary Judgment.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.