■ AUREL BATARAGA et al., Respondents, v CHRISTOPHER W. BURDICK et al., Respondents, and JEAN CLAUDE RESTAURANT, Appellant. 137 SULLIVAN STREET COMPANY, Third-Party Plaintiff-Respondent, v 22 RESTAURANT CORP., Third-Party Defendants, and IACO CORP., Doing Business as JEAN CLAUDE RESTAURANT, Third-Party Defendant-Appellant. (And Other Actions.) [689 NYS2d 86] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about April 29, 1998, which, in an action for personal injuries by a laborer against a building owner and a lessee in the building operating

a restaurant, denied the restaurant's motion for summary judgment dismissing the complaint, third-party complaint and any cross claims as against it, unanimously modified, on the law, to dismiss so much of the complaint as alleges the restaurant's negligence and violation of Labor Law § 202, and otherwise affirmed, without costs.

Plaintiff was injured as he descended the building's fire escape after a cleaning of the restaurant's roof-top exhaust system. We agree with the IAS Court that plaintiff has a cause of action against the restaurant under Labor Law § 240 (1), which encompasses the routine cleaning of a building (*see, Bustamante v Chase Manhattan Bank*, 241 AD2d 327; *Buendia v New York Natl. Bank*, 223 AD2d 456, *lv denied* 91 NY2d 812), in view of the evidence that an employee of the restaurant directed plaintiff to use the fire escape to gain access to the roof (*see, Kirchner v BRC Human Servs. Corp.*, 224 AD2d 270). However, we disagree with the IAS Court that plaintiff has a cause of action against the restaurant under Labor Law § 202, which by its terms protects the cleaning of only windows and exterior surfaces. We also find that plaintiff does not have a cause of action against the restaurant for negligence, since the record demonstrates that the duty to maintain the fire escape was with the building owner, not the restaurant, and that the restaurant did not have actual or constructive notice of the allegedly defective fire escape step. There is no merit to the restaurant's argument that the third-party complaint should be dismissed as against it pursuant to CPLR 3215 (*see, Multari v Glalin Arms Corp.*, 28 AD2d 122, 124, *appeal dismissed* 23 NY2d 740). Concur—Ellerin, P. J., Williams, Mazzarelli and Buckley, JJ.