◼ AMY NOAH, Respondent, v IBC ACQUISITION CORPORATION et al., Appellants. [692 NYS2d 283] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured when she slipped while cleaning rainwater from the "Giant Slide" at an amusement park. She commenced this action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) as well as common-law negligence. Supreme Court denied defendants' motion for summary judgment dismissing the complaint.

The court erred in denying that part of the motion seeking dismissal of the Labor Law § 240 (1) cause of action. Plaintiff was involved in routine maintenance in a non-construction, non-renovation context, and thus the statute does not apply (*see, Williams v Perkins Rests.*, 245 AD2d 1128, *lv denied* 92 NY2d 804, 921; *see also, Hazlitt v Autagne*, 254 AD2d 697, *lv denied* 92 NY2d 819). The court also erred in denying that part of the motion seeking dismissal of the Labor Law § 241 (6) cause of action. Plaintiff was not "engaged in [work that] affected the structural integrity of the building or structure or was an integral part of the construction of a building or structure" (*Walton v Devi Corp.*, 215 AD2d 60, 63, *lv denied* 87 NY2d 809; *cf., Pasquale v City of Buffalo*, 255 AD2d 874). The statute and its implementing regulations apply to workers who are "constructing or demolishing buildings or doing any excavating in connection therewith" (Labor Law § 241; *see*, 12 NYCRR 23-1.3, 23-1.4 [a]). Plaintiff was cleaning the slide as part of her routine duties and not in connection with the construction of any building or structure.

We agree with the court that defendants failed to establish

their entitlement to summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. There are issues of fact regarding ownership, supervision and operation of the amusement park in the summer of 1991 when plaintiff was injured. There is no merit to the contention that plaintiff's counsel agreed during the course of litigation that the action should be dismissed against various defendants. Despite a letter from counsel to that effect, plaintiff's counsel opposed the motion for summary judgment by defendants and submitted an affidavit outlining the various corporate defendants, concluding that they were all owned or controlled by one person and that it was impossible to identify the actual owner and operator of the park. The record does not contain a stipulation dismissing the action against any defendants.

We modify the order, therefore, by granting defendants' motion in part and dismissing the Labor Law § 240 (1) and § 241 (6) causes of action. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Hurlbutt and Callahan, JJ.