■ Rob Kapovic, Respondent, v 450 Lexington Venture et al., Appellants and Third-Party Plaintiffs-Appellants-Respondents, et al., Defendants. American Building Maintenance Co., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant. [720 NYS2d 470] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about July 7, 2000, which, *inter alia*, granted plaintiff's motion for partial summary judgment as to liability upon his Labor

Law § 240 (1) claim as against defendant-appellant owners (hereinafter 450), denied 450's motion for summary judgment against third-party defendant American Building Maintenance Co. (ABM), and denied ABM's cross motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim, unanimously affirmed, without costs.

The evidence establishes without contradiction that plaintiff, while cleaning ducts in 450's building, was injured due to the failure of the unsecured ladder upon which he was working. Accordingly, since "[i]t is well settled that the failure to secure a ladder to insure that it remains stable and erect while the plaintiff [is] working on it constitutes a violation of Labor Law § 240 (1) as a matter of law" (*MacNair v Salamon*, 199 AD2d 170, 171), the grant of summary judgment as to liability upon plaintiff's Labor Law § 240 (1) claim was correct. No factual issue is raised as to whether plaintiff's use of the ladder was the sole proximate cause of his harm (*see, Wasilewski v Museum of Modern Art*, 260 AD2d 271, 272).

Factual issues, however, did preclude summary judgment with respect to 450's claim for indemnification against third-party defendant contractor ABM based on ABM's failure to procure insurance covering 450 for the liability incurred by 450 in the main action. While indemnification to the extent of the contracted for coverage is an appropriate remedy for breach of an agreement to procure insurance (*see, Veneski v City of New York*, 261 AD2d 292), it is not clear on the present record that ABM's undertaking to procure insurance covering 450 entailed the purchase of insurance covering the risks posed by the activity in which plaintiff was engaged at the time of his injury.

Finally, we find unpersuasive ABM's contention that plaintiff, its employee, was a special employee of 450 and that 450 is, therefore, entitled to rely upon the Workers' Compensation defense. There was no proof of any employment relation between plaintiff and 450; the fact that 450 and Hines are, respectively, owner and managing agent of the subject premises, does not justify the conclusion that plaintiff, having been found a special employee of Hines, must, in addition, be deemed a special employee of 450. We note that, in distinction to Hines, there is no evidence that 450 had any supervision of plaintiff's work. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Lerner and Buckley, JJ.