■ MOHAMMED JAMIL, Appellant, v CONCOURSE ENTERPRISES, INC., et al., Respondents. (And a Third-Party Action.) [740 NYS2d

308] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered July 10, 2001, which denied plaintiff's motion for summary judgment as to liability on his cause of action pursuant to Labor Law § 240 (1), unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings.

Plaintiff's employer, third-party defendant Alpha Restoration and Waterproofing, Inc., was hired to perform repairs to the exterior of a building located at 2270-78 Grand Concourse in Bronx County. The premises were owned by defendant Concourse Enterprises, Inc. and managed by defendant Friedman Management Corp./Alfred S. Friedman Management Corporation.

At his examination before trial, plaintiff testified that, in an attempt to retrieve a brush from atop an awning, he climbed a one-piece ladder to a distance of 12 or 13 feet above the ground. The same aluminum ladder had presumably been used to gain access to a scaffold by the mason who had dropped the brush that plaintiff was instructed to retrieve. The ladder slid down and away from the building, causing plaintiff to sustain injuries to his left elbow and wrist, specifically, a fracture of the left olecranon and a comminuted displaced fracture of the distal radius with a fracture of the ulna styloid.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to furnish proper safety devices and protection in order to ensure the safety of workers exposed to elevation-related risks during the construction, repair, demolition, painting and alteration of a building or structure (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500). The capacity of the respective appellants as owner and manager of the premises is not disputed, nor is the nature of the injuries sustained by plaintiff. As this Court noted in *Brown v Christopher St. Owners Corp.* (211 AD2d 441, 442, *affd* 87 NY2d 938), "It is well settled that, to recover under Labor Law §§ 200, 240 and 241 as a member of the special class for whose protection these provisions were adopted, a plaintiff must establish two criteria: (1) that he was permitted or suffered to perform work on a structure and, (2) that he was hired by the owner, the general contractor or an agent of the owner or general contractor (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577, citing *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971)." Contrary to defendants' assertion, the affidavit of plaintiff's counsel does not lack probative value; counsel's affidavit was accompanied by documentary evidence (*Zuckerman v City of New York*, 49 NY2d 557, 563). The cause of the

accident is established by plaintiff's deposition testimony, which constitutes competent evidence sufficient to support the award of summary judgment (*Harris v City of New York*, 147 AD2d 186, 189), and his injuries are documented by hospital records. Moreover, " 'failure to secure a ladder to insure that it remains stable and erect while the plaintiff [is] working on it constitutes a violation of Labor Law § 240 (1) as a matter of law' " (*Kapovic v 450 Lexington Venture*, 280 AD2d 321, quoting *MacNair v Salamon*, 199 AD2d 170, 171). Thus, the evidence establishes a prima facie case sufficient to warrant the summary award of judgment to plaintiff unless the proof is rebutted by defendants (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325).

In opposition to plaintiff's motion, defendants offered the deposition testimony of Murid H. Bhatti, who operates third-party defendant Alpha Restoration and Waterproofing, Inc. Mr. Bhatti stated that plaintiff was injured when he jumped from the ladder "[h]ardly between one to two feet," without losing his balance or striking his arm. Even accepting, as we must, the credibility of this testimony (*Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341), it does not provide an alternative explanation for the severe injuries sustained by plaintiff, which required implantation of fixation devices under general anesthesia to align the several fractures.

Defendants have not demonstrated that plaintiff's injuries were attributable to his misuse of the ladder (*cf.*, *George v State of New York*, 251 AD2d 541, 542, *lv denied* 92 NY2d 815 ["gratuitous and unnecessary" jump of eight feet rather than use of available ladder]). Defendants' attempt to portray plaintiff as a recalcitrant worker must fail as they point to no immediate instruction to avoid the use of unsafe equipment that plaintiff allegedly disobeyed (*Laquidara v HRH Constr. Corp.*, 283 AD2d 169, 170, citing *Balthazar v Full Circle Constr. Corp.*, 268 AD2d 96, 99). Thus, defendants have failed to meet their burden to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, *supra* at 324). Concur—Nardelli, J.P., Buckley, Ellerin, Lerner and Rubin, JJ.