■ JAMIE FARMER, Respondent-Appellant, v CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Appellant-Respondent. [750 NYS2d 407] —Appeal and cross appeal from an order of Supreme Court, Onondaga County (Major, J.), entered February 13, 2002, which, inter alia, granted that part of plaintiff's cross motion seeking partial summary judgment on liability on the Labor Law § 240 (1) claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of plaintiff's cross motion seeking partial summary judgment on liability on the Labor Law § 240 (1) claim and as modified the order is affirmed without costs.

Memorandum: Plaintiff was injured when he fell from a ladder while preparing to vacuum fly ash from the hoppers at defendant's plant as part of the routine maintenance of the hoppers. He opened the door to the hopper in order to insert the vacuum hose and fly ash spewed forth, causing him to fall from the ladder. Plaintiff commenced this action alleging, inter alia, violations of Labor Law §§ 200, 240 (1), and § 241 (6).

Supreme Court erred in granting that part of plaintiff's cross motion seeking partial summary judgment on liability on the Labor Law § 240 (1) claim. Plaintiff was engaged in routine maintenance in a non-construction, non-renovation context when he was injured, and thus the statute does not apply (*see Noah v IBC Acquisition Corp.*, 262 AD2d 1037, *lv dismissed* 93 NY2d 1042). We conclude, however, that the court properly granted that part of plaintiff's cross motion seeking leave to supplement the bill of particulars to allege a violation of 12 NYCRR 23-1.16 (*see Baten v Wehuda,* 281 AD2d 366) and properly denied those parts of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) claim and that part of plaintiff's cross motion seeking partial summary judgment on liability on that claim. The Industrial Code, upon which Labor Law § 241 (6) liability rests, expansively defines "[c]onstruction work" as "work of the types performed in the construction, erection, alteration, repair, *maintenance*, painting or moving of buildings or other structures" (12 NYCRR 23-1.4 [b] [13] [emphasis added]). Thus, contrary to defendant's contention, section 241 (6) encompasses routine maintenance (*see Pasquale v City of Buffalo,* 255 AD2d 874). Moreover, 12 NYCRR 23-1.16 is both applicable to the facts of this case and sufficiently specific to support the section 241 (6) claim (*see Mills v Niagara Mohawk Power Corp.,* 262 AD2d 901, 902; *cf. Baten,* 281 AD2d 366).

We therefore modify the order by denying that part of plaintiff's cross motion seeking partial summary judgment on liability on the Labor Law § 240 (1) claim. Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.