■ JUAN TREVINO, Appellant, v MORTON DAVIS et al., Respondents. EAST BAY REALTY, INC., Third-Party Plaintiff-Respondent, v DAYTON METAL PRODUCTS, Third-Party Defendant-Respondent. [756 NYS2d 543] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September 13, 2001, which dismissed the action upon the parties' respective motions for summary judgment, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 11, 2001, which denied plaintiff's motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.

The action seeks to recover for personal injuries sustained when plaintiff was struck by a falling load of steel railroad beams and other debris on property that a month before had been sold by his employer, the third-party defendant herein, to defendant. Under the contract of sale, plaintiff's employer was required to remove all steel scraps and other debris from the

property, which task plaintiff was performing, at the direction of his employer's president, also a defendant herein, when a cable on the crane that plaintiff was using to hoist the steel beams snapped. Plaintiff seeks to recover under Labor Law §§ 200 and 240 (1). As against his employer's president, such causes of action are barred by Workers' Compensation Law § 29 (6) (see *Heritage v Van Patten*, 59 NY2d 1017 [1983]). It does not avail plaintiff that the president is not a named insured on the workers' compensation policy. Nor does it avail plaintiff to assert that the president failed to provide him with proper emergency medical care after the accident, absent evidence that the president deliberately intended to cause him further injury (see *Bardere v Zafir*, 102 AD2d 422, 424-425 [1984], *affd* 63 NY2d 850 [1984]). As against the owner of the property, plaintiff's cause of action under Labor Law § 240 (1) was properly dismissed because he was not engaged in construction or other manner of work on a building or structure covered by the statute (see *Joblon v Solow*, 91 NY2d 457, 464 [1998]). Rather, it appears that plaintiff was simply performing maintenance that, in the context of a recent sale of the property, was routine. Work is not protected by section 240 (1) simply because it requires use of a hoisting device or otherwise poses an elevation-related risk (see *Noah v IBC Acquisition Corp.*, 262 AD2d 1037 [1999], *lv dismissed* 93 NY2d 1042 [1999]). Nor is there any evidence that the new owner supervised or otherwise controlled the work that plaintiff was doing such as might make it liable under section 200. Concur—Mazzarelli, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.