BERNARD STANLEY et al., Respondents, v CARRIER CORPORATION et al., Appellants. [756 NYS2d 689] —Appeal from an order of Supreme Court, Onondaga County (Centra, J.), entered January 10, 2002, which granted the motion of plaintiffs for partial summary judgment on the issue of liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). It is undisputed that the ladder from which Bernard Stanley (plaintiff) fell while washing interior windows at a building owned by defendant Carrier Corporation was not equipped with safety feet and that the ladder slid out from under plaintiff, causing him to fall from the fourth or fifth rung. Labor Law § 240 (1) imposes absolute liability on owners who fail to provide proper ladders to workers injured while, inter alia, "cleaning offices" (*Bustamante v Chase Manhattan Bank*, 241 AD2d 327, 327 [1997]). Contrary to defendants' contention, the statute applies in this case despite the existence of Labor Law § 202, which specifically governs window washing (*see Bauer v Female Academy of Sacred Heart*, 97 NY2d 445, 452 [2002]). "The sections serve different goals, apply to different defendants and have been interpreted differently. The fact that Labor Law § 202 coverage may often overlap with Labor Law § 240 (1) coverage is not a sound reason to imply exclusivity" (*id.*). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Hayes, JJ.