■ ALEKSEY CHIZH, Appellant, v HILLSIDE CAMPUS MEADOWS ASSOCIATES, LLC, Respondent. [772 NYS2d 184]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered September 9, 2002. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on liability on the Labor Law § 240 (1) claim.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Supreme Court properly granted defendant's

motion for summary judgment dismissing the complaint and properly denied plaintiff's cross motion for partial summary judgment on liability on the Labor Law § 240 (1) claim. Plaintiff was injured in the course of removing, repairing and reinstalling a single window screen at an apartment complex. We conclude that those activities constitute "routine maintenance in a non-construction, non-renovation context" (*Farmer v Central Hudson Gas & Elec. Corp.*, 299 AD2d 856, 857 [2002], *amended* 302 AD2d 1017 [2003], *lv denied* 100 NY2d 501 [2003]), as opposed to the statutorily protected "repairing [or] altering . . . of a building or structure" (Labor Law § 240 [1]; *see Noah v IBC Acquisition Corp.*, 262 AD2d 1037 [1999], *lv dismissed* 93 NY2d 1042 [1999]; *see also Abbatiello v Lancaster Studio Assoc.*, 307 AD2d 788, 789-790 [2003]; *Rogala v Van Bourgondien*, 263 AD2d 535, 536-537 [1999], *lv denied* 94 NY2d 758 [2000]; *Czaska v Lenn Lease*, 251 AD2d 965, 966 [1998]).

All concur except Gorski and Lawton, JJ., who dissent and vote to reverse in accordance with the following memorandum: Gorski and Lawton, JJ. (dissenting). We respectfully dissent. As this case demonstrates, the distinction between what constitutes "inspection" or "routine maintenance" and "altering or repairing" of a structure is difficult to apply and may require a different test from the one the majority employs to determine whether an activity does or does not fall within the protection afforded under Labor Law § 240 (1). It is because of that difficulty that the Court of Appeals in the recent case of *Prats v Port Auth. of N.Y. & N.J.* (100 NY2d 878, 883 [2003]) stated that whether a particular activity falls within the provisions of section 240 (1) "must be determined on a case-by-case basis, depending on the context of the work" and whether the worker was undertaking the kind of work the Legislature intended to protect. Applying that more practical test to the facts of this case, we conclude that plaintiff is entitled to the protection afforded by section 240 (1). First, plaintiff was hired to work at the job site as a construction worker and was not a handyman or person accustomed to performing routine repairs or maintenance. The work undertaken by plaintiff involved an enumerated activity, i.e., working at a great height on a ladder. Finally, plaintiff's duties as a construction worker were part of an overall construction contract, and routinely involved working at heights. Consequently, we believe that the provisions of section 240 (1) should apply.

In any event, we do not believe that the removal, repair and replacement of a broken screen constitutes "routine maintenance" rather than "altering or repairing" of a structure. This

Court has held that the removal, repair and replacement of the blower motor of a ventilation system falls within the ambit of Labor Law § 240 (1) (*see Holka v Mt. Mercy Academy,* 221 AD2d 949, 950 [1995], *lv dismissed* 87 NY2d 1055 [1996]), as does the repair of a broken door-closing mechanism (*see Shapiro v ACG Equity Assoc.,* 233 AD2d 857 [1996]) and the replacement of beverage supply lines at a restaurant (*see Lang v Mancuso & Son,* 298 AD2d 960, 961 [2002]). In each of those cases, we determined that the work the plaintiffs were doing was in the nature of "altering" or "repairing" rather than routine maintenance. *Farmer v Central Hudson Gas & Elec. Corp.* (299 AD2d 856 [2002], *amended* 302 AD2d 1017 [2003], *lv denied* 100 NY2d 501 [2003]), cited by the majority in support of its determination that the work at issue here constitutes routine maintenance not covered by Labor Law § 240 (1), is distinguishable. *Farmer* involved the regularly-scheduled cleaning of ash hoppers, *not,* as in this case, a request for immediate repair. We view the work performed by plaintiff in this case to be more akin to the work performed by the plaintiffs in *Holka, Shapiro* and *Lang,* inasmuch as plaintiff was asked to remove, repair, and replace a broken, inoperable screen.

The recent case of *Esposito v New York City Indus. Dev. Agency* (1 NY3d 526 [2003]) is also distinguishable. In that case, the plaintiff was performing a monthly maintenance check on an air conditioning unit and, pursuant to that check, he was replacing worn belts when he fell from a ladder. Thus, the work that the plaintiff was performing in that case was related to a regularly-scheduled maintenance check due to ordinary wear and tear, not, as here, a nonscheduled repair of an inoperable piece of equipment. *Esposito,* therefore, does not compel the result reached by the majority.

Thus, we would reverse the order, deny defendant's motion for summary judgment, reinstate the complaint and grant plaintiff's cross motion for partial summary judgment on liability on the Labor Law § 240 (1) claim. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.