[877 NYS2d 791]

Garry Wicks, Respondent, v Trigen-Syracuse Energy Corporation, Appellant.

Fourth Department, May 1, 2009

### APPEARANCES OF COUNSEL

*Walsh & Wilkins*, Buffalo (*Christopher E. Wilkins* of counsel), for appellant.

*Stanley Law Offices, LLP*, Syracuse (*Robert A. Quattrocci* of counsel), for respondent.

### OPINION OF THE COURT

CENTRA, J.

### I

The primary issue on this appeal is whether plaintiff was engaged in "cleaning" under Labor Law § 240 (1) at the time of the accident. We conclude that he was not and thus that Supreme Court erred in granting plaintiff's motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) claim and in denying that part of defendant's cross motion for summary judgment dismissing that claim.

### II

At the time of the accident, plaintiff was working at an alternative fuel processing facility owned by defendant. The paper that was processed to produce alternative fuel was first shredded in the processing facility and then burned in the generating facility. Plaintiff was working in the "bag house" of the processing facility, which was in effect a giant vacuum that collected paper dust particles from the facility. The bag house contained hoppers to collect the dust particles, and the particles would then fall onto an auger that pushed them into a "push bin." Those particles would then be sent to the generating facility to be burned. Between one and five times during a 12-hour shift, the hoppers would become bound with dust particles and

would need to be unclogged. To do so, workers such as plaintiff would then climb a ladder, straddle the auger, open the door to the bag house, and push the dust down the hoppers with a broom handle. As plaintiff was descending the ladder after unclogging the hoppers on the date of the accident, he fell five feet to the ground.

## III

Plaintiff commenced this action asserting a cause of action for common-law negligence as well as a cause of action for violations of the Labor Law. Plaintiff moved for partial summary judgment on the Labor Law § 240 (1) claim, alleging that he was "cleaning" at the time of the accident and "was provided with an inappropriate ladder to perform his work." Defendant cross-moved for summary judgment dismissing the complaint and, with respect to the Labor Law § 240 (1) claim, it alleged that plaintiff was engaged in routine maintenance at the time of the accident, which is not an enumerated activity under the statute. With respect to the common-law negligence cause of action and Labor Law § 200 claim, defendant alleged that it did not have the authority to and did not actually direct or control plaintiff's work. Defendant contends on appeal that the court erred in granting the motion and in denying that part of its cross motion with respect to the common-law negligence cause of action and section 200 and section 240 (1) claims.

## IV

■ Addressing first the Labor Law § 240 (1) claim, we note that section 240 (1) protects employees engaged "in the erection, demolition, repairing, altering, painting, *cleaning* or pointing of a building or structure" (emphasis added). The only issue raised by the parties with respect to that claim is whether the court erred in concluding that plaintiff was engaged in "cleaning" and not routine maintenance at the time of the accident. In our view, plaintiff was not engaged in cleaning.

Our analysis of this issue begins with our decision in *Farmer v Central Hudson Gas & Elec. Corp.* (299 AD2d 856 [2002], *amended on rearg* 302 AD2d 1017 [2003], *lv denied* 100 NY2d 501 [2003]). In that case, the plaintiff was injured when he fell from a ladder while preparing to vacuum fly ash from hoppers at the defendant's plant (*see id.* at 857). When the plaintiff opened the door to the hopper, fly ash spewed out, causing him to fall from the ladder (*see id.*). We concluded that the plaintiff

could not recover pursuant to Labor Law § 240 (1) because he "was engaged in routine maintenance in a non-construction, non-renovation context when he was injured" (*id.*). In *Broggy v Rockefeller Group, Inc.* (8 NY3d 675 [2007]), the Court of Appeals subsequently concluded that a worker engaged in "cleaning" under Labor Law § 240 (1) was expressly afforded protection whether or not the activity of cleaning was incidental to any other enumerated activity (*see id.* at 680). Thus, a worker who was cleaning within the meaning of the statute could recover even if the cleaning was not "taking place as part of a construction, demolition or repair project" (*id.* at 681).

Defendant contends that this case is on "all fours" with the *Farmer* case, and plaintiff therefore cannot recover under Labor Law § 240 (1) because he was engaged in routine maintenance. However, we place no reliance on our decision in *Farmer* that the plaintiff was engaged in "routine maintenance " because it was based on an interpretation of the law that the Court of Appeals subsequently determined in *Broggy* was incorrect, i.e., that the plaintiff's work did not constitute cleaning under section 240 (1) because there was no ongoing construction or renovation.

## V

We have found very few cases addressing the narrow issue raised on this appeal, i.e., whether the activity that plaintiff was performing at the time of the accident constitutes cleaning pursuant to Labor Law § 240 (1). The Court in *Broggy* had no need to analyze that issue because it was undisputed in that case that the plaintiff worker, who was performing commercial window washing, was in fact cleaning (*see Broggy*, 8 NY3d at 677, 680-681; *see also Stanley v Carrier Corp.*, 303 AD2d 1022 [2003]). In *Smith v Shell Oil Co.* (85 NY2d 1000, 1002 [1995]), the Court concluded that the plaintiff's work in changing a light bulb was "maintenance of a sort different from 'painting, cleaning or pointing,' the only types of maintenance provided for in [section 240 (1)]." Thus, all cleaning, painting and pointing would constitute maintenance, but not all maintenance would constitute cleaning. We must therefore determine whether plaintiff was engaged in cleaning or whether he was engaged in maintenance of a different sort.

We recognize that Labor Law § 240 (1) is to be construed as liberally as necessary to accomplish the purpose of protecting workers (*see Panek v County of Albany*, 99 NY2d 452, 457

[2003]; *Martinez v City of New York*, 93 NY2d 322, 325-326 [1999]). We conclude, however, that plaintiff's activity was "not the kind of undertaking for which the Legislature sought to impose liability under Labor Law § 240" (*Brown v Christopher St. Owners Corp.*, 87 NY2d 938, 939 [1996], *rearg denied* 88 NY2d 875 [1996]). "The critical inquiry in determining coverage under the statute is 'what type of work the plaintiff was performing at the time of injury' " (*Panek*, 99 NY2d at 457). "Cleaning" is not defined in Labor Law § 240 (1). The Third Department has relied on a dictionary definition of cleaning as "the 'rid[ding] of dirt, impurities, or *extraneous material*' " (*Vernum v Zilka*, 241 AD2d 885, 885-886 [1997], quoting Webster's Ninth New Collegiate Dictionary 247 [1988]; *see Chapman v International Bus. Machs. Corp.*, 253 AD2d 123, 126 [1999]), and we agree that such a definition is appropriate.

We note that we do not consider the words used by the parties in describing plaintiff's work to be dispositive in determining whether the work constituted cleaning, although they are factors to consider. The record contains descriptions of plaintiff's work as cleaning, unplugging, unclogging, and clearing the hoppers. We conclude, however, that plaintiff's work did not entail the removal of any dirt or extraneous material. Rather, the hoppers had become jammed with dust particles from the paper shredding process, and plaintiff was merely clearing the jam by pushing the particles around so that they would fall to the bottom of the hoppers and onto the auger. The particles were collected at the bottom of the auger and sent to the generating facility to be burned. Inasmuch as the paper dust particles constituted fuel, just as the shredded paper in the processing facility constituted fuel, they cannot be considered dirt or extraneous material. Further, in unplugging the hoppers, plaintiff was not removing the dust particles but, rather, was keeping the particles in the hoppers and essentially stirring them around.

Moreover, the work that plaintiff was performing was integral to the functioning of the bag house inasmuch as the hoppers, as previously noted, needed to be cleared of dust between one and five times per 12-hour shift. The accumulation of dust was a consequence of the normal operation of the hoppers. Plaintiff did not clean the hoppers. Instead, he maintained the operation of the vacuum system. We therefore conclude that plaintiff was not engaged in cleaning within the meaning of Labor Law § 240 (1), but rather was engaged in maintenance of a different sort.

## VI

■ We further conclude, however, that the court properly denied the cross motion with respect to the common-law negligence cause of action and Labor Law § 200 claim. Defendant failed to meet its initial burden of establishing that it did not direct or supervise the injury-producing work or that it did not have actual or constructive notice of the allegedly dangerous condition and, in any event, plaintiff raised a triable issue of fact in opposition to those parts of the cross motion (*see Shaheen v Hueber-Breuer Constr. Co.*, 4 AD3d 761, 763 [2004]; *cf. Talbot v Jetview Props., LLC*, 51 AD3d 1396, 1397 [2008]).

## VII

Accordingly, we conclude that the order should be modified by denying plaintiff's motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) claim and by granting that part of defendant's cross motion for summary judgment dismissing that claim and dismissing that claim.

FAHEY, J. (dissenting in part and voting to affirm). I respectfully dissent in part. I agree with the majority both that we should place no reliance on our decision in *Farmer v Central Hudson Gas & Elec. Corp.* (299 AD2d 856 [2002], *amended on rearg* 302 AD2d 1017 [2003], *lv denied* 100 NY2d 501 [2003]; *cf. Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 680 [2007]) and that we should adopt the dictionary definition of cleaning as "the 'rid[ding] of dirt, impurities, or *extraneous material*' " (*Vernum v Zilka*, 241 AD2d 885, 885-886 [1997], quoting Webster's Ninth New Collegiate Dictionary 247 [1988]; *see Chapman v International Bus. Machs. Corp.*, 253 AD2d 123, 126 [1999]). I cannot agree with the majority, however, that the Labor Law § 240 (1) claim should be dismissed, and I instead agree with Supreme Court that plaintiff is entitled to partial summary judgment on liability with respect to that claim.

The Court of Appeals both guides and constrains our analysis of the issue whether plaintiff's injury-producing work constituted "cleaning" within the meaning of Labor Law § 240 (1). We are required to construe that statute " 'as liberally as may be' " necessary to accomplish its protective intent (*Panek v County of Albany*, 99 NY2d 452, 457 [2003]), and we must carefully consider " 'what type of work the plaintiff was performing at the time of injury' " in determining whether he may recover thereunder (*id.*).

Here, plaintiff sustained injuries while cleaning dust out of an auger that was part of a machine designed to remove such particles from the processing facility environment. At their depositions, plaintiff, his coworker, defendant's operations manager and defendant's plant manager each characterized the injury-producing work as the *cleaning* of the "bag house." That activity is no different from others that have been determined to constitute "cleaning" within the meaning of Labor Law § 240 (1), including clearing snow and ice from a roof (*see Nephew v Barcomb*, 260 AD2d 821, 822-823 [1999]); dusting a mini-ledge and bulkhead in a mall (*see Vasey v Pyramid Co. of Buffalo*, 258 AD2d 906 [1999]); power-washing a canopy or awning (*see Fox v Brozman-Archer Realty Servs.*, 266 AD2d 97, 98 [1999]; *Ekere v Airmont Indus. Park*, 249 AD2d 104 [1998]); removing dirt from ducts and a rooftop exhaust system (*see Kapovic v 450 Lexington Venture*, 280 AD2d 321, 322 [2001]; *Bataraga v Burdick*, 261 AD2d 106 [1999]); and washing commercial interior windows (*see Swiderska v New York Univ.*, 10 NY3d 792 [2008]; *Stanley v Carrier Corp.*, 303 AD2d 1022 [2003]).

Accordingly, I would affirm the order.

SCUDDER, P.J., SMITH and PINE, JJ., concur with CENTRA, J.; FAHEY, J., dissents in part in a separate opinion.

It is hereby ordered that the order so appealed from is modified on the law by denying the motion and by granting that part of the cross motion for summary judgment dismissing the Labor Law § 240 (1) claim and dismissing that claim and as modified the order is affirmed, without costs.