# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**537**

**CA 12-01545**

PRESENT: SCUDDER, P.J., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

SOPHIA MELSKI, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF PATRICK
MELSKI, DECEASED, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

FITZPATRICK & WELLER, INC.,
DEFENDANT-RESPONDENT.
----------------------------------------
FITZPATRICK & WELLER, INC., THIRD-PARTY
PLAINTIFF,

V

NICHOLSON & HALL CORP.,
THIRD-PARTY DEFENDANT-RESPONDENT.

---

COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (CHARLES H. COBB OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

STOCKTON, BARKER & MEAD, LLP, TROY (ROBERT S. STOCKTON OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

GOLDBERG SEGALLA LLP, BUFFALO (BRIAN R. BIGGIE OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered May 25, 2012. The order granted the motions of defendant and third-party defendant for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff's decedent fell from a ladder and was injured while performing work on a boiler at a hardwood lumber plant operated by defendant. Plaintiff commenced this action seeking damages for violations of Labor Law §§ 200, 240 (1) and 241 (6), as well as for common-law negligence, and Supreme Court granted the motions of defendant and third-party defendant for summary judgment dismissing the amended complaint. Plaintiff contends on appeal that the court erred in granting those parts of the motions with respect to the Labor Law §§ 240 (1) and 241 (6) claims inasmuch as decedent was engaged in a protected activity at the time he was injured. We reject that contention. With respect to

section 240 (1), defendant and third-party defendant met their initial burden of establishing that decedent was not performing one of the protected activities enumerated in the statute but, rather, was involved in routine maintenance in a non-construction, non-renovation context (*see Smith v Shell Oil Co.*, 85 NY2d 1000, 1002; *Noah v IBC Acquisition Corp.*, 262 AD2d 1037, 1037, *lv denied* 93 NY2d 1042).  Specifically, defendant and third-party defendant established that decedent's work involved replacing components that required replacement in the course of normal wear and tear, and thus that work did not involve repairing or any of the other activities enumerated in section 240 (1) (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528).  With respect to section 241 (6), defendant and third-party defendant met their burden of establishing that decedent did not perform his work in the context of construction, demolition or excavation (*see Nagel v D & R Realty Corp.*, 99 NY2d 98, 102-103).  Plaintiff failed to raise a triable issue of fact with respect to either statute (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  June 7, 2013                          Frances E. Cafarell
                                                 Clerk of the Court