Whalen, J.
(dissenting in part). I respectfully dissent in part, because I cannot agree with the majority’s conclusion regarding plaintiffs Labor Law § 241 (6) claim. I otherwise agree with the remainder of the majority’s decision.
Defendants contend, and the majority agrees, that Supreme Court erred in granting plaintiffs motion for leave to amend the bill of particulars to include the violation of 12 NYCRR 23-1.16 as a basis for the Labor Law § 241 (6) claim. I disagree. Although the note of issue and certificate of readiness were filed prior to that motion, plaintiff’s reliance upon 12 NYCRR 23-1.16 “raises no new factual allegations or theories of liability and results in no discernible prejudice to defendant[s]” (Landon v Austin, 88 AD3d 1127, 1129-1130 [2011]; see Ortega v Everest Realty LLC, 84 AD3d 542, 545 [2011]; Ellis v J.M.G., Inc., 31 AD3d 1220, 1221 [2006]). It is clear that “12 NYCRR 23-1.16 is both applicable to the facts of this case and sufficiently specific to support the section 241 (6) claim” (Farmer v Central Hudson Gas & Elec. Corp., 299 AD2d 856, 857 [2002], amended on rearg 302 AD2d 1017 [2003], lv denied 100 NY2d 501 [2003]). The majority concludes that section 23-1.16 is inapplicable to the facts of this case, noting that it sets forth standards for safety belts, harnesses, tail lines and lifelines but “ ‘does not specify *1389 when such safety devices are required.’ ” That conclusion ignores that the record here establishes that there was a 100% tie-off rule when a worker was working six feet or more above the ground. Thus, the “when” is established as anytime a worker was working six feet or more above the ground, as plaintiff was here. The majority also ignores evidence in the record that there were safety devices in the location of plaintiff’s fall at some point during the job. While plaintiff is not thereby entitled to summary judgment on the section 241 (6) claim, I conclude that the court properly granted the motion for leave to amend the bill of particulars to allow the issue to be presented to a jury. Present — Scudder, P.J., Peradotto, Garni, Lindley and Whalen, JJ.