# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**568**

**CA 13-01811**

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

ROBERT BISH, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ODELL FARMS PARTNERSHIP, DEFENDANT-APPELLANT.

---

BRIAN P. FITZGERALD, P.C., BUFFALO (DEREK J. ROLLER OF COUNSEL), FOR DEFENDANT-APPELLANT.

LEWIS & LEWIS, P.C., BUFFALO (EMILY F. JANICZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered July 10, 2013. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the motion is granted in its entirety, and the complaint is dismissed.

Memorandum: Plaintiff, a cement truck driver, commenced this Labor Law action seeking damages for injuries he sustained while he was cleaning the truck on property owned by defendant, a dairy farm operator. Defendant contracted with plaintiff's employer, a cement supplier, to deliver cement to the farm property for the construction of a bunk silo. On the date of the accident, plaintiff delivered a load of cement to the farm property in a truck owned by his employer. After the truck was unloaded, plaintiff drove the cement truck to an area of the farm property adjoining a ditch in order to wash out the truck. Plaintiff climbed a ladder permanently affixed to the truck and washed out the truck using an attached hose and water tank. As plaintiff was descending the ladder, he slipped on a wet rung and fell backwards into the ditch. As relevant on appeal, defendant moved for summary judgment dismissing the complaint, and Supreme Court granted the motion only in part, denying the motion with respect to the Labor Law § 240 (1) cause of action and the Labor Law § 241 (6) cause of action insofar as it was premised on the violation of 12 NYCRR 23-1.7 (d) (8). We conclude that the court should have granted the motion in its entirety.

It is well settled that Labor Law § 240 (1) "provides rights to certain workers going well beyond the common law . . . [I]t imposes liability even on contractors and owners who had nothing to do with

the plaintiff's accident; and where a violation of the statute has caused injury, any fault by the plaintiff contributing to that injury is irrelevant" (*Dahar v Holland Ladder & Mfg. Co.*, 18 NY3d 521, 524). "The Legislature, however, afforded this protection only to workers 'employed' in the 'erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure' " (*id.* at 524-525; *see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 880). Although "Labor Law § 240 (1) is to be construed as liberally as necessary to accomplish the purpose of protecting workers" (*Wicks v Trigen-Syracuse Energy Corp.*, 64 AD3d 75, 78; *see Martinez v City of New York*, 93 NY2d 322, 325-326), "the language of Labor Law § 240 (1) 'must not be strained' to accomplish what the Legislature did not intend" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 292, quoting *Martinez*, 93 NY2d at 326; *see Wicks*, 64 AD3d at 79).

Here, we agree with defendant that the activity in which plaintiff was engaged at the time of his injury, i.e., the routine cleaning of his employer's cement truck after making a delivery, "was 'not the kind of undertaking for which the Legislature sought to impose liability under Labor Law § 240' " (*Wicks*, 64 AD3d at 79, quoting *Brown v Christopher St. Owners Corp.*, 87 NY2d 938, 939, *rearg denied* 88 NY2d 875; *see Wittmeyer v Holland Cent. Sch. Dist.*, 255 AD2d 921, 921-922, *lv denied* 93 NY2d 801; *Koch v E.C.H. Holding Corp.*, 248 AD2d 510, 511-512, *lv denied* 92 NY2d 811). Specifically, plaintiff "was not engaged 'in the erection, demolition, repairing, altering, painting, cleaning or pointing' of a 'building or structure' within the intended meaning of Labor Law § 240 (1)" (*Gentile v New York City Hous. Auth.*, 228 AD2d 296, 296, *lv dismissed* 89 NY2d 981). Rather, he was "engaged in routine maintenance" of the cement truck, "which is not a protected activity under Labor Law § 240 (1)" (*Pasquale v City of Buffalo*, 255 AD2d 874, 875; *see Selak v Clover Mgt., Inc.*, 83 AD3d 1585, 1586; *Koch*, 248 AD2d at 511-512).

We reject the dissent's view that this case is distinguishable from *Koch* because the plaintiff in that case was "merely a delivery driver" while "there is evidence here that plaintiff operated the machinery of the cement truck to assist in the pouring of the concrete as part of the construction of the silo." Any such distinction, even if supported by the record, is irrelevant to the applicability of Labor Law § 240 (1).

Contrary to the further assertion of the dissent, plaintiff's statement that he would have returned to the farm property with additional cement but for his accident does not raise an issue of fact. Plaintiff admitted that, per "standard procedure," "a cement truck must be washed down after each use to remain functional." Thus, plaintiff's actions in washing out the truck were unrelated to the erection of the silo.

We further agree with defendant that Labor Law § 241 (6) does not apply here because plaintiff "was not engaged in 'construction work' within the meaning of the statute when he fell" (*Koch*, 248 AD2d at 512).

All concur except WHALEN, J., who dissents and votes to affirm in the following Memorandum:  I respectfully dissent because I disagree with the majority's conclusion that the activity in which plaintiff was engaged, i.e., cleaning his employer's cement truck after making a delivery, was not covered by Labor Law §§ 240 (1) and 241 (6).  I therefore would affirm the order denying those parts of defendant's motion with respect to the Labor Law § 240 (1) cause of action and the Labor Law § 241 (6) cause of action insofar as it was premised on the violation of 12 NYCRR 23-1.7 (d) (8).

Specifically, if we view the evidence presented on the motion in the light most favorable to the nonmoving party, as we must (*see Krampen v Foster*, 242 AD2d 913, 914-915), and we construe Labor Law § 240 (1) liberally to accomplish its purpose of protecting workers (*see Panek v County of Albany*, 99 NY2d 452, 456-457), it is clear that there are issues of fact regarding whether plaintiff was engaged in the erection of a building or structure within the meaning of Labor Law § 240 (1).  In this case, there is evidence that plaintiff not only drove the truck but also operated its equipment and poured the concrete.  Plaintiff testified at his deposition that had he not been injured, he would have delivered additional loads of concrete to the farm for the silo construction project.  He also testified that, in order to put a second load of cement in the truck, it had to be washed out after the first load was delivered.  This is evidence that plaintiff was on a continuous loop where he would bring a load to defendant's farm, unload it from the truck and then plaintiff would wash out his truck so that he could travel to get another load and return to the farm and repeat the process.  There is also evidence that cleaning the truck was an essential part of the erection of the silo because it was required so that plaintiff could continue to bring loads of concrete in order to allow the erection of the silo to continue.

I note that plaintiff's activities in relationship to the project here are different from those of the plaintiff in *Koch v E.C.H. Holding Corp.* (248 AD2d 510, 511, *lv denied* 92 NY2d 811) because the plaintiff there was merely a delivery driver, whereas there is evidence here that plaintiff operated the machinery of the cement truck to assist in the pouring of the concrete as part of the construction of the silo.  I note that I do not agree with the trial court's finding that plaintiff was an integral and necessary part of the construction work being performed and therefore was protected under the Labor Law, but I believe there are questions of fact on this issue that require denial of defendant's motion with respect to Labor Law § 240 (1) (*see Zuckerman v City of New York*, 49 NY2d 557, 562).

For the foregoing reasons, I also disagree with the majority's conclusion that Labor Law § 241 (6) does not apply because issues of fact exist regarding whether plaintiff was engaged in " 'construction work' within the meaning of the statute when he fell" (*Koch*, 248 AD2d

at 512).