Appeal from an order of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered July 10, 2013. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment.
It is hereby ordered that the order insofar as appealed from is reversed on the law without costs, the motion is granted in its entirety, and the complaint is dismissed.
Memorandum: Plaintiff, a cement truck driver, commenced this Labor Law action seeking damages for injuries he sustained while he was cleaning the truck on property owned by defendant, a dairy farm operator. Defendant contracted with plaintiffs employer, a cement supplier, to deliver cement to the farm property for the construction of a bunk silo. On the date of the accident, plaintiff delivered a load of cement to the farm property in a truck owned by his employer. After the truck was unloaded, plaintiff drove the cement truck to an area of the farm property adjoining a ditch in order to wash out the truck. Plaintiff climbed a ladder permanently affixed to the truck and washed out the truck using an attached hose and water tank. As plaintiff was descending the ladder, he slipped on a wet rung and fell backwards into the ditch. As relevant on appeal, defendant moved for summary judgment dismissing the complaint, and Supreme Court granted the motion only in part, denying the motion with respect to the Labor Law § 240 (1) cause of action and the Labor Law § 241 (6) cause of action insofar as it was premised on the violation of 12 NYCRR 23-1.7 (d). We conclude that the court should have granted the motion in its entirety.
It is well settled that Labor Law § 240 (1) “provides rights to certain workers going well beyond the common law . . . [I]t imposes liability even on contractors and owners who had nothing to do with the plaintiffs accident; and where a violation of the statute has caused injury, any fault by the plaintiff contributing to that injury is irrelevant” (Dahar v Holland Ladder & Mfg. Co., 18 NY3d 521, 524 [2012]). “The Legislature, however, afforded this protection only to workers ‘employed’ in the ‘erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure’ ” (id. at 524-525; see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 880 [2003]). Although “Labor Law § 240 (1) is to be construed as liberally as necessary to accomplish the purpose of protecting workers” (Wicks v Trigen-Syracuse Energy Corp., 64 AD3d 75, 78 [2009]; *1338 see Martinez v City of New York, 93 NY2d 322, 325-326 [1999]), “the language of Labor Law § 240 (1) ‘must not be strained’ to accomplish what the Legislature did not intend” (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 292 [2003], quoting Martinez, 93 NY2d at 326; see Wicks, 64 AD3d at 79).
Here, we agree with defendant that the activity in which plaintiff was engaged at the time of his injury, i.e., the routine cleaning of his employer’s cement truck after making a delivery, “was ‘not the kind of undertaking for which the Legislature sought to impose liability under Labor Law § 240’ ” (Wicks, 64 AD3d at 79, quoting Brown v Christopher St. Owners Corp., 87 NY2d 938, 939 [1996], rearg denied 88 NY2d 875 [1996]; see Wittmeyer v Holland Cent. School Dist., 255 AD2d 921, 921-922 [1998], lv denied 93 NY2d 801 [1999]; Koch v E.C.H. Holding Corp., 248 AD2d 510, 511-512 [1998], lv denied 92 NY2d 811 [1998]). Specifically, plaintiff “was not engaged ‘in the erection, demolition, repairing, altering, painting, cleaning or pointing’ of a ‘building or structure’ within the intended meaning of Labor Law § 240 (1)” (Gentile v New York City Hous. Auth., 228 AD2d 296, 296 [1996], lv dismissed 89 NY2d 981 [1997]). Rather, he was “engaged in routine maintenance” of the cement truck, “which is not a protected activity under Labor Law § 240 (1)” (Pasquale v City of Buffalo, 255 AD2d 874, 874-875 [1998]; see Selak v Clover Mgt., Inc., 83 AD3d 1585, 1586 [2011]; Koch, 248 AD2d at 511-512).
We reject the dissent’s view that this case is distinguishable from Koch because the plaintiff in that case was “merely a delivery driver” while “there is evidence here that plaintiff operated the machinery of the cement truck to assist in the pouring of the concrete as part of the construction of the silo.” Any such distinction, even if supported by the record, is irrelevant to the applicability of Labor Law § 240 (1).
Contrary to the further assertion of the dissent, plaintiff’s statement that he would have returned to the farm property with additional cement but for his accident does not raise an issue of fact. Plaintiff admitted that, per “standard procedure,” “a cement truck must be washed down after each use to remain functional.” Thus, plaintiffs actions in washing out the truck were unrelated to the erection of the silo.
We further agree with defendant that Labor Law § 241 (6) does not apply here because plaintiff “was not engaged in ‘construction work’ within the meaning of the statute when he fell” (Koch, 248 AD2d at 512).
All concur except Whalen, J., who dissents and votes to affirm in the following memorandum.