Whalen, J.
(dissenting). I respectfully dissent because I disagree with the majority’s conclusion that the activity in which plaintiff was engaged, i.e., cleaning his employer’s cement truck after making a delivery, was not covered by Labor Law §§ 240 (1) and 241 (6). I therefore would affirm the order denying those parts of defendant’s motion with respect to the Labor Law § 240 (1) cause of action and the Labor Law § 241 (6) cause of action insofar as it was premised on the violation of 12 NYCRR 23-1.7 (d).
Specifically, if we view the evidence presented on the motion in the light most favorable to the nonmoving party, as we must (see Krampen v Foster, 242 AD2d 913, 914-915 [1997]), and we construe Labor Law § 240 (1) liberally to accomplish its purpose of protecting workers (see Panek v County of Albany, 99 NY2d 452, 456-457 [2003]), it is clear that there are issues of fact regarding whether plaintiff was engaged in the erection of a building or structure within the meaning of Labor Law § 240 (1). In this case, there is evidence that plaintiff not only drove the truck but also operated its equipment and poured the concrete. Plaintiff testified at his deposition that had he not been injured, he would have delivered additional loads of concrete to the farm for the silo construction project. He also testified that, in order to put a second load of cement in the truck, it had to be washed out after the first load was delivered. This is evidence that plaintiff was on a continuous loop where he would bring a load to defendant’s farm, unload it from the truck and then plaintiff would wash out his truck so that he could travel to get another load and return to the farm and repeat the process. There is also evidence that cleaning the truck was an essential part of the erection of the silo because it was required so that plaintiff could continue to bring loads of concrete in order to allow the erection of the silo to continue.
I note that plaintiffs activities in relationship to the project here are different from those of the plaintiff in Koch v E.C.H. Holding Corp. (248 AD2d 510, 511 [1998], lv denied 92 NY2d 811 [1998]) because the plaintiff there was merely a delivery driver, whereas there is evidence here that plaintiff operated the machinery of the cement truck to assist in the pouring of the concrete as part of the construction of the silo. I note that I do not agree with the trial court’s finding that plaintiff was an integral and necessary part of the construction work being performed and therefore was protected under the Labor Law, but I believe there are questions of fact on this issue that require denial of defendant’s motion with respect to Labor Law § 240 (1) (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
*1340 For the foregoing reasons, I also disagree with the majority’s conclusion that Labor Law § 241 (6) does not apply because issues of fact exist regarding whether plaintiff was engaged in “ ‘construction work’ within the meaning of the statute when he fell” (Koch, 248 AD2d at 512).
Present—Smith, J.E, Peradotto, Sconiers, Whalen and DeJoseph, JJ.