■ DEBRA MILITELLO, as Administratrix of the Estate of WALTER S. SERDIN, Deceased, Respondent, v NEW PLAN REALTY TRUST, Appellant. [792 NYS2d 266]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered February 4, 2004. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment dismissing the amended complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in its entirety and the amended complaint is dismissed.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action arising from the death of Walter S. Serdin (decedent) by electrocution. Defendant, the owner of a shopping plaza, hired decedent to repair a light in the parking lot of the shopping plaza. It is undisputed that decedent, a master electrician, activated the parking lot lights before beginning the work. Supreme Court granted that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) claim and the claim for damages sustained by plaintiff

individually. We agree with defendant that the court should have granted those parts of the motion seeking summary judgment dismissing the Labor Law § 200 claim, the common-law negligence cause of action and the claims of decedent's distributees, and thus should have dismissed the amended complaint in its entirety. Defendant established its entitlement to judgment as a matter of law by establishing that it neither supervised nor controlled decedent's work and had no actual or constructive notice of any alleged dangerous condition, and plaintiff failed to raise an issue of fact (*see generally Hosler v Northern Eagle Beverages*, 15 AD3d 925 [2005]; *Sheehan v Gong*, 2 AD3d 166, 169-170 [2003]). Present—Hurlbutt, J.P., Scudder, Kehoe, Pine and Hayes, JJ.