■ FRANKLIN BALBUENA, Respondent, v NEW YORK STOCK EXCHANGE, INC., Appellant-Respondent, and REGIONAL SCAFFOLDING & HOISTING CO., INC., et al., Respondents-Appellants. [844 NYS2d 285]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered December 26, 2006, which, in an action for personal injuries sustained when the scaffold on which plaintiff laborer was standing collapsed, inter alia, granted plaintiff's motion for partial summary judgment against the property owner New York Stock Exchange (NYSE) on the issue of its liability under Labor Law § 240 (1); denied NYSE's cross motion for summary judgment on its cross claims for contractual indemnification against the scaffolding subcontractor (Regional) and scaffolding subcontractor (B & C); granted Regional's cross motion for summary judgment to the extent it sought dismissal of the complaint as against it and denied such cross motion to the extent it sought summary judgment on Regional's causes of action for contractual indemnification against B & C; and denied, as academic, plaintiff's motion pursuant to CPLR 3126 to strike B & C's answer for spoliation of evidence, unanimously modified, on the law, to dismiss the Labor Law §§ 200 and 241 (6) claims, and otherwise affirmed, without costs.

NYSE hired nonparty construction manager AMEC to oversee a renovation of its premises; AMEC contracted with Regional to design and erect a scaffold; Regional subcontracted with B & C to physically erect and dismantle the scaffold. During the dismantling process, after removal of protective railing and certain steel wiring, plaintiff, an employee of AMEC, used the scaffold to wash down internal walls, and fell when a plank, no longer properly secured, overturned.

No issues of fact exist as to NYSE's liability under Labor Law § 240 (1). The record establishes that NYSE and AMEC knew that the scaffold was in the process of being dismantled and was unsafe, and contains compelling, perhaps conclusive, evidence that plaintiff was instructed by his supervisor to use the scaffold in washing down the walls. There is no evidence that any warning signs were posted, or that plaintiff was informed or otherwise knew that the scaffold was being dismantled, instructed not to use it, or given or instructed to use any safety equipment (*cf. Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]). The court thus properly held that NYSE failed to meet its burden of establishing triable issues of fact that plaintiff's actions were the sole proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]). There is no merit to NYSE's argument that plaintiff is solely to blame for the accident because he did not request safety equipment.

Regional designed the scaffold, but subcontracted with B & C to erect and dismantle it. As there are no allegations of design defect, and no evidence that Regional exercised supervisory control over the dismantling process, the court properly dismissed plaintiff's claims as against it.

NYSE's and Regional's motions for summary judgment on their respective claims for indemnification were properly denied because, although both established a contractual right to indemnification and the lack of negligence, issues of fact remain as to, inter alia, whether plaintiff's injury arose out of, resulted from, or was incident to the dismantling of the scaffold or the performance of other work under Regional's contract with AMEC or subcontract with B & C.

Although the court viewed the remaining Labor Law claims as academic, and did not consider them, we modify to dismiss them. There is no evidence that NYSE had the supervisory control over the injury-producing activity necessary to support a finding of liability for common-law negligence or under Labor Law § 200 (*Scott v American Museum of Natural History*, 3 AD3d 442, 443 [2004]). Nor were there any valid allegations of

a violation of the Industrial Code necessary to support a claim under Labor Law § 241 (6).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Sullivan, Gonzalez and Sweeny, JJ.