■ TODD KONOPCZYNSKI, Appellant, v ADF CONSTRUCTION CORP., Respondent. [875 NYS2d 697]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered November 27, 2007 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the Labor Law § 200 and common-law negligence claims and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he tripped and fell in a depression in the floor at the work site. There were approximately 132 depressions built into the flooring so that the floor could be adjusted or relocated by lifting hooks and then used as an earthquake simulator. Supreme Court properly granted that part of defendant's motion for summary judgment dismissing the claim pursuant to Labor Law § 241 (6), which is premised on defendant's alleged violation of 12 NYCRR 23-1.7 (e). It is undisputed that the depressions in the floor were permanently embedded so that the floor could serve as a "shake table," and we thus agree with defendant that the regulation does not apply to this case because the alleged tripping hazard was " 'an integral part of the construction' " (*Verel v Ferguson Elec. Constr. Co., Inc*, 41 AD3d 1154, 1157 [2007], quoting *O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805, 806 [2006]; *see Gist v Central School Dist. No. 1 of Towns of Elma, Marilla, Wales, Lancaster & Aurora, Erie County, & Bennington, Wyoming County*, 234 AD2d 976 [1996]; *Adams v Glass Fab*, 212 AD2d 972, 973 [1995]).

We agree with plaintiff, however, that the court erred in granting those parts of defendant's motion with respect to the Labor Law § 200 and common-law negligence claims, and we therefore modify the order accordingly. A "defendant may bear responsibility under Labor Law § 200 and for common-law negligence if it had 'actual or constructive notice of the allegedly dangerous condition on the premises which caused the . . . plaintiff's

injuries, regardless of whether [it] supervised [plaintiff's] work' " (*Riordan v BOCES of Rochester*, 4 AD3d 869, 870 [2004]; *see Militello v New Plan Realty Trust*, 16 AD3d 1092, 1093 [2005]). Here, defendant failed to meet its initial burden because it failed to establish that it had no constructive notice of the allegedly hazardous conditions in the floor. Indeed, by its own submissions, defendant established that the depressions were seven inches long, five inches wide and six inches deep, and that there were approximately 132 of these depressions throughout the floor, and its expert failed to address whether the condition of the floor was reasonably safe. Although defendant contended that it was not aware of any previous injuries as a result of the depressions, it offered no evidence to support its contention that it was unaware that workers at the site had repeatedly tripped in the holes, as testified to by plaintiff at his deposition. Contrary to defendant's further contention, "the open and obvious nature of the allegedly dangerous condition in this case 'does not negate the duty to maintain [the] premises in a reasonably safe condition but, [instead], bears only on the injured person's comparative fault' " (*Verel*, 41 AD3d at 1156). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.