■ BARBARA J. BUCKMANN, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 111344.) [881 NYS2d 760]—

Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered May 2, 2008. The order denied claimant's motion for partial summary judgment and granted the cross motion of defendants for summary judgment dismissing the claim.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the cross motion is denied, the claim is reinstated and the motion is granted.

Memorandum: Claimant commenced this Labor Law § 240 (1) action seeking damages for injuries she sustained when she fell from an elevated platform while repairing a nonfunctioning signal lamp at a lock on the Erie Canal. We agree with claimant that the Court of Claims erred in granting defendants' cross motion for summary judgment dismissing the claim and in denying her motion for partial summary judgment on liability under Labor Law § 240 (1). Initially, we note that defendants did not cross-appeal from the order, and thus their contention that the court erred in determining that defendant State of New York (State) is not protected by Workers' Compensation Law § 11 is not before us (*see generally* CPLR 5515 [1]; *Koch v Consolidated Edison Co. of N.Y.*, 62 NY2d 548, 562 n 10 [1984], *rearg denied* 63 NY2d 771 [1984], *cert denied* 469 US 1210 [1985]; *Zeman v Falconer Elecs., Inc.*, 55 AD3d 1240, 1241 [2008]). The court further determined, however, that the action against defendant New York State Thruway Authority (Thruway Authority) is barred by that statute because the Thruway Authority is not a separate and distinct legal entity from claimant's employer, the New York State Canal Corporation (Canal Corporation). That was error.

Contrary to the court's determination and the contention of defendants, the Thruway Authority is not in fact claimant's employer. "The employees of the [C]anal [C]orporation, except those who are also employees of the [Thruway A]uthority, generally shall not be deemed to be employees of the [Thruway A]uthority by reason of their employment by the [C]anal [C]orporation" (Public Authorities Law § 382 [5]). Furthermore,

the Thruway Authority and the Canal Corporation are not alter ego corporations, nor are they engaged in a joint venture to operate the canals of the State. First, defendants were "not entitled to summary judgment upon the ground that [the Canal Corporation] is an alter ego of [the Thruway Authority] because [they] failed to submit sufficient evidence to demonstrate, as a matter of law, that [the Thruway Authority] exercises complete domination and control of [the Canal Corporation's] day-to-day operations" (*Almonte v Western Beef, Inc.*, 21 AD3d 514, 515-516 [2005]). Second, defendants were not entitled to summary judgment based on a joint venture theory. "Indispens[a]ble to the creation of a joint venture is a sharing in the profits and losses of the business" (*Poppenberg v Reliable Maintenance Corp.*, 89 AD2d 791, 792 [1982]), and defendants failed to establish that the two entities did so.

We also agree with claimant that the court erred in denying her motion for partial summary judgment, inasmuch as she was engaged in repair work when she fell and thus is entitled to the protection afforded by Labor Law § 240 (1). That statute imposes a nondelegable duty upon contractors and owners to furnish or erect suitable devices to protect workers who are engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 512 [1991]). "The critical inquiry in determining coverage under the statute is 'what type of work the [worker] was performing at the time of injury' " (*Panek v County of Albany*, 99 NY2d 452, 457 [2003], quoting *Joblon v Solow*, 91 NY2d 457, 465 [1998]). In order to establish that she was performing repair work within the ambit of the statute, as opposed to routine maintenance, claimant was required to establish that the part of the building or structure "being worked upon was inoperable or not functioning properly" (*Goad v Southern Elec. Intl.*, 263 AD2d 654, 655 [1999]; *see Craft v Clark Trading Corp.*, 257 AD2d 886, 887 [1999]). Claimant established in support of her motion that the signal light in question was not functioning because of a broken lens, and that she was engaged in repairing the broken lens at the time of the accident. Claimant further established that the lens typically did not require replacement as a result of normal wear and tear (*cf. Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]). Consequently, we agree with claimant that the replacement of the broken lens that prevented the proper functioning of the signal light, which was required in order for the canal to be utilized by boats, "constitutes the repair of a structure within the meaning of Labor Law § 240 (1), rather than routine main-

tenance" (*Benfanti v Tri-Main Dev.*, 231 AD2d 855 [1996]; *see generally Hakes v Tops Mkts., LLC*, 10 Misc 3d 1079[A], 2004 NY Slip Op 51897[U] [2004], *affd for reasons stated* 26 AD3d 729 [2006]; *Hyslop v Mobil Oil Corp.*, 296 AD2d 827 [2002], *amended on renewal* 302 AD2d 1017 [2003]).

Finally, we agree with claimant that the court erred in concluding that there was a triable issue of fact whether her actions were the sole proximate cause of the accident. Defendants failed to submit evidence establishing that claimant "had adequate safety devices available; that [s]he knew both that they were available and that [s]he was expected to use them; that [s]he chose for no good reason not to do so; and that had [s]he not made that choice [s]he would not have been injured" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]; *see Kosavick v Tishman Constr. Corp. of N.Y.*, 50 AD3d 287, 288-289 [2008]; *Balbuena v New York Stock Exch., Inc.*, 45 AD3d 279, 280 [2007]). Present—Smith, J.P., Centra, Fahey, Carni and Gorski, JJ.