■ JOHN K. MARTINEZ, Respondent, v TAMBE ELECTRIC, INC., Appellant, and ROCHESTER INSTITUTE OF TECHNOLOGY et al., Respondents. ROCHESTER INSTITUTE OF TECHNOLOGY et al., Third-Party Plaintiffs, v BETLEM SERVICE CORPORATION, Third-Party Defendant-Respondent. [894 NYS2d 666]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered January 15, 2009 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant Tambe Electric, Inc. for summary judgment and granted that part of the cross motion of third-party defendant for leave to amend its answer.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained when he received an electrical shock and fell from a ladder at a construction site owned by defendant/third-party plaintiff Rochester Institute of Technology. Defendant Tambe Electric, Inc. (Tambe), the electrical subcontractor at the site, contends that Supreme Court erred in denying its motion for summary judgment dismissing the complaint against it and in granting that part of the cross motion of third-party defendant, plaintiff's employer, for leave to amend its answer to the third-party complaint to assert a cross claim for indemnification and/or contribution against Tambe. We affirm.

Contrary to the contention of Tambe, the court properly denied those parts of its motion with respect to the Labor Law § 240 (1) and § 241 (6) causes of action against it. Tambe failed to establish as a matter of law that it was not an agent of the general contractor with respect to the work that resulted in plaintiff's injuries. "A subcontractor such as [Tambe] will be liable as an agent of the general contractor for injuries sustained in those areas and activities within the scope of the work delegated to it . . . Plaintiff['s] theory of liability in this case is based on a defective condition of the premises rather than the manner of the work . . . [, and Tambe] failed to meet its initial burden of establishing that it did not have supervision or control of the safety of the area involved in the incident . . . Pursuant to its [sub]contract with [the general contractor, Tambe] was responsible for the [temporary wiring] and for the safety of its work and the work area" (*Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 12 AD3d 1059, 1060-1061 [2004]; *see Musillo v Marist Coll.*, 306 AD2d 782, 783-784 [2003]; *cf. Rice v City of Cortland*, 262 AD2d 770, 771-772 [1999]).

Contrary to the further contention of Tambe, the court properly denied those parts of its motion with respect to the common-law negligence and Labor Law § 200 causes of action against it. "In determining [the] potential liability [of an owner or its agent] under the common law or the statute, we must recognize the distinction between those cases in which the injury was caused by the defective condition of the premises and those in which the injury was the result of a defect not in the land itself but in the equipment or its operation . . . In the latter case, defendant is not liable because [it] exercised no supervisory control over the injury-producing work" (*Farrell v Okeic*, 266 AD2d 892, 893 [1999] [internal quotation marks omitted]). As previously noted, however, plaintiff alleges that his injury was caused by the defective condition of the premises, and Tambe

"failed to meet [its] burden of establishing that [it] did not breach [its] duty 'to take reasonable care and prudence in securing the safety of the work area' " (*id.*). "An implicit precondition to this duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]). Here, the subcontract agreement between Tambe and the general contractor, submitted by Tambe in support of its motion, establishes that it contractually assumed responsibility for the safety of the temporary wiring.

We have considered Tambe's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Smith, Fahey and Lindley, JJ.