■ DUANE PIERI, SR., et al., Respondents, v B&B WELCH ASSOCIATES, Appellant. [904 NYS2d 595]—

Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Drury, J.), entered April 24, 2009 in a personal injury action. The judgment awarded plaintiffs damages against defendant upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries

sustained by Duane Pieri, Sr. (plaintiff) while working at an apartment complex (complex) owned by defendant. Plaintiff was injured while servicing a lift station at the complex, which consists of, inter alia, a tank into which sewage from the complex flows and is processed before it is ejected into a municipal sewage system. The tank for the lift station is approximately 15 feet in depth and contains two pumps and four floats that maintain the sewage level. Supreme Court granted those parts of defendant's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims, as well as the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.5. Defendant appeals from a judgment entered upon a jury verdict finding it liable pursuant to Labor Law § 240 (1).

At the time of the accident, plaintiff worked part-time for Belmont Management Company (Belmont), which managed the complex, and he was "on-call" to handle problems that Belmont's part-time maintenance worker could not handle. Plaintiff had previously worked for Belmont for approximately 15 years as a maintenance supervisor and he was familiar with the lift station. During the course of that employment, plaintiff had purchased, on behalf of Belmont, a three-legged, aluminum tripod with a harness to be used for working "down in the pit" of the lift station. The base radius of the tripod would allow it to be placed over the opening to the tank. Plaintiff fell into the tank while kneeling at the side of the pit as he reached for a line to one of the floats in the tank in an effort to resolve a pump malfunction that threatened to overflow the lift station.

We reject the contention of defendant that the court erred in denying that part of its motion for summary judgment dismissing the Labor Law § 240 (1) claim on the ground that plaintiff was performing only routine maintenance at the time of the accident. "[D]elineating between routine maintenance and repairs is frequently a close, fact-driven issue" (Pakenham v Westmere Realty, LLC, 58 AD3d 986, 987 [2009]). That distinction depends upon "whether the item being worked on was inoperable or malfunctioning prior to the commencement of the work" (Craft v Clark Trading Corp., 257 AD2d 886, 887 [1999]; see Buckmann v State of New York, 64 AD3d 1137, 1139 [2009]), and whether the work involved the replacement of components damaged by normal wear and tear (see Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 53 [2004]; Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]). "Where a person is investigating a malfunction . . . , efforts in furtherance of that investigation are protected activities" (Short v Durez Div.-Hooker Chems.

*& Plastic Corp.*, 280 AD2d 972, 973 [2001]), but work consisting of remedying a common problem is generally considered routine maintenance (*see e.g. Abbatiello*, 3 NY3d at 53; *Barbarito v County of Tompkins*, 22 AD3d 937, 938-939 [2005], *lv denied* 7 NY3d 701 [2006]). Defendant contends that the injury-producing work constituted an inspection of the lift station, rather than the repair of that facility, but we note that "it is neither pragmatic nor consistent with the spirit of the statute to isolate the moment of injury and ignore the general context of the work" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]). Here, plaintiff was injured while "troubleshooting" an uncommon lift station malfunction, which is a protected activity under Labor Law § 240 (1) (*see e.g. Parente v 277 Park Ave. LLC*, 63 AD3d 613, 614 [2009]; *Pakenham*, 58 AD3d at 987-988).

Contrary to the further contention of defendant, the court properly concluded as a matter of law that plaintiff's failure to use the tripod and harness was not the sole proximate cause of the accident, and thus the court properly refused to instruct the jury on sole proximate cause with respect to those devices. It is well settled that, "[w]here . . . the 'actions [of the worker are] the sole proximate cause of his or her injuries . . . [,] liability under Labor Law § 240 (1) [does] not attach' " (*Lovall v Graves Bros., Inc.*, 63 AD3d 1528, 1529 [2009], quoting *Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998], *rearg denied* 92 NY2d 875 [1998]). Moreover, "where an [owner] has made available adequate safety devices and [a worker] has been instructed to use them," he or she may not recover under section 240 (1) (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 37 [2004]).

Nevertheless, the mere presence of a safety device somewhere at a work site does not satisfy the requirements of Labor Law § 240 (1) (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524 [1985], *rearg denied* 65 NY2d 1054 [1985]; *Williams v City of Niagara Falls*, 43 AD3d 1426 [2007]). Here, defendant failed to present evidence that plaintiff had been instructed to use the tripod and harness (*see Beamon v Agar Truck Sales, Inc.*, 24 AD3d 481, 483 [2005]), or that " 'plaintiff, based on his training, prior practice, and common sense, knew or should have known' " to use the tripod and harness (*Gimeno v American Signature, Inc.*, 67 AD3d 1463, 1464 [2009], *lv dismissed* 14 NY3d 785 [2010]; *see Smith v Picone Constr. Corp.*, 63 AD3d 1716, 1717 [2009]). Further, defendant failed to present evidence that would have permitted the jury to find "that plaintiff . . . knew . . . that he was expected to use [the tripod

and harness]; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured" (*Cahill*, 4 NY3d at 40). The contention of defendant that the court erred in admitting in evidence and relying upon testimony of its expert elicited on cross-examination is raised for the first time in its reply brief, and thus it is not properly before us (*see generally Local No. 4, Intl. Assn. of Heat & Frost & Asbestos Workers v Buffalo Wholesale Supply Co., Inc.*, 49 AD3d 1276, 1278 [2008]).

Finally, we reject defendant's further contention that the court erred in instructing the jury that "repairing can also include inspection of an integral part of the structure in furtherance of repairing an apparent malfunction." That instruction is consistent with PJI 2:217 and the decision of the Court of Appeals in *Prats* (100 NY2d at 881-882; *see Caraciolo v 800 Second Ave. Condominium*, 294 AD2d 200, 201-202 [2002]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.