■ TIMOTHY P. MCCORMICK et al., Respondents, v 257 W. GENESEE, LLC, et al., Appellants. [913 NYS2d 435]—

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered January 13, 2010 in a personal injury action. The order denied defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: In this Labor Law and common-law negligence action commenced by plaintiffs to recover damages for injuries allegedly sustained by Timothy P. McCormick (plaintiff) when he fell at a construction site, defendants contend that Supreme Court erred in denying their motion for summary judgment dismissing the complaint. We agree. Unlike other sections of the Labor Law, "section 200 is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). Contrary to the contention of plaintiffs, monitoring and oversight of the timing and quality of the work is insufficient to raise a triable issue of fact with respect to supervision or control for the purposes of the Labor Law § 200

claim or common-law negligence cause of action to defeat those parts of defendants' motion (*see Kagan v BFP One Liberty Plaza*, 62 AD3d 531, 532 [2009], *lv denied* 13 NY3d 713 [2009]; *Kvandal v Westminster Presbyt. Socy. of Buffalo*, 254 AD2d 818 [1998]; *Gielow v Coplon Home*, 251 AD2d 970, 972-973 [1998], *lv dismissed in part and denied in part* 92 NY2d 1042 [1999], *rearg denied* 93 NY2d 889 [1999]). In addition, a general duty to ensure compliance with safety regulations or the authority to stop work for safety reasons is insufficient to raise a triable issue of fact with respect to that claim and cause of action to defeat those parts of defendants' motion (*see Verel v Ferguson Elec. Constr. Co., Inc*, 41 AD3d 1154, 1157 [2007]).

Plaintiffs are correct in further contending that, in order to impose liability under Labor Law § 200 and common-law negligence, they need not establish that defendants had supervisory control over the work being performed in the event that the accident was caused by a defective condition on the premises and defendants had actual and constructive notice of such defect (*see Konopczynski v ADF Constr. Corp.*, 60 AD3d 1313, 1314-1315 [2009]). Nevertheless, the worker's injuries must have resulted from a hazardous condition existing at the work site, rather than from the manner in which the work is being performed (*see Martinez v Tambe Elec., Inc.*, 70 AD3d 1376, 1377 [2010]), and here plaintiff's injuries did not result from a hazardous condition at the work site. Plaintiffs themselves established that plaintiff tripped on a protruding pin that had been stored on a wooden form, and that the pin was to be inserted into the form to hold it together while concrete was poured into it. "Thus, the protruding [pin] was not a defect inherent in the property, but rather was created by the manner in which plaintiff's employer performed its work. Accordingly, defendants cannot be held liable under section 200 [or for common-law negligence] even if they had constructive notice of the protruding [pin]" (*Dalanna v City of New York*, 308 AD2d 400, 400 [2003]).

We also agree with defendants that the court further erred in denying that part of their motion for summary judgment dismissing the Labor Law § 241 (6) claim. Defendants met their burden of establishing that none of the Industrial Code provisions upon which plaintiffs rely on appeal will permit recovery in this case, and plaintiffs failed to raise a triable issue of fact. Plaintiffs may not recover pursuant to 12 NYCRR 23-1.7 (e) (1) or (2) inasmuch as the object over which plaintiff tripped was "an integral part of the construction" (*O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805, 806 [2006]; *see Verel*, 41 AD3d at 1157;

*Adams v Glass Fab*, 212 AD2d 972, 973 [1995]). Contrary to plaintiffs' further contention, 12 NYCRR 23-1.5 " 'sets forth only a general safety standard' and is thus incapable of supporting a Labor Law § 241 (6) claim" (*Boyd v Mammoet W., Inc.*, 32 AD3d 1257, 1258 [2006]). In addition, 12 NYCRR 23-2.2 does not apply because "plaintiff's injury was not caused by an unstable form, shore or bracing during the placing of concrete" (*Gielow*, 251 AD2d at 972). Finally, plaintiffs on appeal have abandoned any contention with respect to the remaining alleged violations of the Industrial Code sections and Occupational Safety and Health Administration regulations set forth in their bill of particulars, and we therefore do not address them (*see Roosa v Cornell Real Prop. Servicing, Inc.*, 38 AD3d 1352, 1354 [2007]; *Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Present—Smith, J.P., Peradotto, Carni, Sconiers and Gorski, JJ.