SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

357

CA 10-02255

PRESENT: SCUDDER, P.J., SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

TIMOTHY M. KOBEL AND LISA H. KOBEL,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

NIAGARA MOHAWK POWER CORPORATION,
DEFENDANT-APPELLANT,
TELERGY, INC., INDIVIDUALLY AND AS
SUCCESSOR BY MERGER TO A NEW YORK
CORPORATE ENTITY OF THE SAME NAME,
ET AL., DEFENDANTS.

---

HISCOCK & BARCLAY, LLP, BUFFALO (MICHAEL E. FERDMAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SMITH, MINER, O'SHEA & SMITH, LLP, BUFFALO (R. CHARLES MINER OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Kevin M.
Dillon, J.), entered July 1, 2010 in a personal injury action.  The
order, inter alia, denied in part the motion of defendant Niagara
Mohawk Power Corporation for summary judgment dismissing plaintiffs'
complaint and all cross claims against it.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion of defendant
Niagara Mohawk Power Corporation in part and dismissing the Labor Law
§ 241 (6) claim against it insofar as that claim is based upon the
alleged violation of 12 NYCRR 23-1.7 (b) (1) and as modified the order
is affirmed without costs.

Memorandum:  Plaintiffs commenced this Labor Law and common-law
negligence action seeking damages for injuries allegedly sustained by
Timothy M. Kobel (plaintiff) when he slipped and fell backwards while
working at the bottom of a manhole.  We reject the contention of
Niagara Mohawk Power Corporation (defendant) that Supreme Court erred
in denying those parts of its motion for summary judgment dismissing
the Labor Law § 200 and common-law negligence causes of action against
it.  "A defendant may bear responsibility under Labor Law § 200 and
for common-law negligence if it had actual or constructive notice of
the allegedly dangerous condition on the premises [that] caused the .
. . plaintiff's injuries, regardless of whether [it] supervised
[plaintiff's] work" (*Konopczynski v ADF Constr. Corp.*, 60 AD3d 1313,
1314-1315 [internal quotation marks omitted]; *see Riordan v BOCES of*

*Rochester*, 4 AD3d 869, 870).  "Here, defendant failed to meet its initial burden because it failed to establish that it had no [actual or] constructive notice of the allegedly hazardous conditions in the floor" of the manhole (*Konopczynski*, 60 AD3d at 1315).  The evidence submitted by defendant in support of the motion establishes that plaintiff's "injuries . . . resulted from a hazardous condition existing at the work site, rather than from the manner in which the work [was] being performed" (*McCormick v 257 W. Genesee, LLC*, 78 AD3d 1581, 1582).

We reject defendant's further contention that the court erred in denying that part of its motion for summary judgment dismissing the Labor Law § 241 (6) claim against it insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (d).  That regulation protects workers from, inter alia, being required or permitted to work in areas where the "working surface . . . is in a slippery condition."  There is no requirement that the work surface be elevated before an employer's duty under the regulation is triggered (*see Cottone v Dormitory Auth. of State of N.Y.*, 225 AD2d 1032, 1033), and the regulation is sufficiently specific to support a Labor Law § 241 (6) claim (*see Tronolone v New York State Dept. of Transp.*, 71 AD3d 1488).  Contrary to defendant's contention, 12 NYCRR 23-1.7 (d) does not apply only to unexpected and unanticipated slipping hazards.

We agree with defendant, however, that the court erred in denying that part of its motion for summary judgment dismissing the Labor Law § 241 (6) claim against it insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (b) (1), and we therefore modify the order accordingly.  Although that regulation is sufficiently specific to support a Labor Law § 241 (6) claim (*see Barillaro v Beechwood RB Shorehaven, LLC*, 69 AD3d 543, 544), the sump hole that plaintiff stepped into cannot be considered sufficiently large to constitute a hazardous opening within the meaning of the regulation (*see id.; see generally Pitts v Bell Constructors, Inc.*, 81 AD3d 1475; *Salazar v Novalex Contr. Corp.*, 72 AD3d 418, 422-423).

Entered:  April 1, 2011                        Patricia L. Morgan
                                               Clerk of the Court