■ MICHAEL SELAK, Appellant, v CLOVER MANAGEMENT, INC., et al., Respondents/Third-Party Plaintiffs, et al., Third-Party Defendant. [922 NYS2d 891]—

Appeal from an order of the Supreme Court, Niagara County

(Ralph A. Boniello, III, J.), entered January 11, 2010 in a personal injury action. The order, among other things, granted defendants' motion for summary judgment dismissing plaintiff's complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying those parts of defendants' motion seeking summary judgment dismissing the complaint, as amplified by plaintiff's response to defendants' interrogatories and plaintiff's bill of particulars, insofar as it alleges a violation of Labor Law § 200 and common-law negligence and reinstating those parts of the complaint, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while working at premises owned by defendant/third-party plaintiff Caldwell Building LLC and managed by defendant/third-party plaintiff Clover Management, Inc. (Clover). Clover contracted with third-party defendant, plaintiff's employer, to change the heating, ventilation and air conditioning (HVAC) system from heating to cooling, and plaintiff was on the premises on the date of his injury in order to replace the filters in the system. The HVAC system was located on the roof of the building, and a hatch located in the ceiling provided access to the roof. Plaintiff was to access the system by means of an 11-foot ladder that was secured to the wall at the top of the stairwell where the hatch was located. Plaintiff was injured when he fell from the ladder, went over a three-foot-high guard railing that was located approximately 2½ feet behind the ladder, and fell into the stairwell and onto the concrete stairs one story below. As limited by his brief, plaintiff contends that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint, as amplified by plaintiff's response to defendants' interrogatories and plaintiff's bill of particulars, insofar as it alleges the violation of Labor Law §§ 200 and 240 (1), and common-law negligence.

Contrary to plaintiff's contention, the court properly determined that he was engaged in routine maintenance at the time of his injury and thus that he was not engaged in an enumerated activity protected by Labor Law § 240 (1) inasmuch as he was ascending the ladder in order to replace the filters in the HVAC unit (see Wicks v Trigen-Syracuse Energy Corp., 64 AD3d 75, 78-79 [2009]; cf. Panek v County of Albany, 99 NY2d 452, 455 [2003]). Plaintiff's employer testified at his deposition that the filters were changed two to four times per year, and thus defendants established that the filters required replacement as a

result of normal wear and tear (*see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *cf. Pieri v B&B Welch Assoc.*, 74 AD3d 1727, 1728-1729 [2010]; *Buckmann v State of New York*, 64 AD3d 1137, 1139 [2009]), and plaintiff failed to raise an issue of fact whether that activity was protected under Labor Law § 240 (1) (*cf. Pieri*, 74 AD3d at 1728-1729; *Pakenham v Westmere Realty, LLC*, 58 AD3d 986, 987-988 [2009]).

We agree with plaintiff, however, that the court erred in granting those parts of defendants' motion for summary judgment dismissing the complaint, as amplified by plaintiff's response to defendants' interrogatories and plaintiff's bill of particulars, insofar as it alleges a violation of Labor Law § 200 and common-law negligence. We therefore modify the order accordingly. "It is settled law that where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law" (*Lombardi v Stout*, 80 NY2d 290, 295 [1992]). Defendants, however, may be liable for common-law negligence or the violation of Labor Law § 200 if they "had actual or constructive notice of the allegedly dangerous condition on the premises which caused the . . . plaintiff's injuries, regardless of whether [they] supervised [plaintiff's] work" (*Konopczynski v ADF Constr. Corp.*, 60 AD3d 1313, 1314 [2009] [internal quotation marks omitted]; *see McCormick v 257 W. Genesee, LLC*, 78 AD3d 1581, 1582 [2010]). Here, defendants established that the ladder was properly secured to the wall and that plaintiff's action in carrying the filters caused him to fall from the ladder. Nevertheless, plaintiff's injuries were caused by falling over the three-foot-high guard railing to the concrete stairs below. Thus, even assuming, arguendo, that defendants established as a matter of law that they kept their premises in a reasonably safe condition, we conclude that plaintiff raised an issue of fact whether his injuries "resulted from a hazardous condition at the work site [, i.e., the three-foot-high guard railing located approximately $2^1/_2$ feet directly behind the 11-foot ladder], rather than from the manner in which the work [was] being performed" (*McCormick*, 78 AD3d at 1582). Furthermore, inasmuch as Clover's employee who managed the building had accessed the roof from the ladder on several prior occasions, we conclude that plaintiff raised an issue of fact whether defendants had constructive notice of the alleged dangerous condition (*see Kobel v Niagara Mohawk Power Corp.*, 83 AD3d 1435 [2011]; *Konopczynski*, 60 AD3d at 1315; *cf. Militello v New Plan Realty Trust*, 16 AD3d 1092 [2005]). Present—Scudder, P.J., Fahey, Carni, Green and Gorski, JJ.