# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

604
CA 10-02139
PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

MICHAEL SELAK, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

CLOVER MANAGEMENT, INC. AND CALDWELL
BUILDING LLC, DEFENDANTS-RESPONDENTS.
------------------------------------
CLOVER MANAGEMENT, INC. AND CALDWELL
BUILDING LLC, THIRD-PARTY PLAINTIFFS,

V

INNOVATIVE MECHANICAL SERVICES, INC.,
THIRD-PARTY DEFENDANT.

---

CANTOR, LUKASIK, DOLCE & PANEPINTO, BUFFALO, LAWRENCE A. SCHULZ,
ORCHARD PARK, FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF LAURIE G. OGDEN, BUFFALO (JOHN WALLACE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered January 11, 2010 in a personal injury
action.  The order, among other things, granted defendants' motion for
summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying those parts of defendants'
motion seeking summary judgment dismissing the complaint, as amplified
by plaintiff's response to defendants' interrogatories and plaintiff's
bill of particulars, insofar as it alleges a violation of Labor Law §
200 and common-law negligence and reinstating those parts of the
complaint, and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he sustained while
working at premises owned by defendant-third-party plaintiff Caldwell
Building LLC and managed by defendant-third-party plaintiff Clover
Management, Inc. (Clover).  Clover contracted with third-party
defendant, plaintiff's employer, to change the HVAC system from
heating to cooling, and plaintiff was on the premises on the date of
his injury in order to replace the filters in the system.  The HVAC
system was located on the roof of the building, and a hatch located in
the ceiling provided access to the roof.  Plaintiff was to access the

system by means of an 11-foot ladder that was secured to the wall at the top of the stairwell where the hatch was located. Plaintiff was injured when he fell from the ladder, went over a three-foot-high guard railing that was located approximately 2½ feet behind the ladder, and fell into the stairwell and onto the concrete stairs one story below. As limited by his brief, plaintiff contends that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint, as amplified by plaintiff's response to defendants' interrogatories and plaintiff's bill of particulars, insofar as it alleges the violation of Labor Law §§ 200 and 240 (1), and common-law negligence.

Contrary to plaintiff's contention, the court properly determined that he was engaged in routine maintenance at the time of his injury and thus that he was not engaged in an enumerated activity protected by Labor Law § 240 (1) inasmuch as he was ascending the ladder in order to replace the filters in the HVAC unit (*see Wicks v Trigen-Syracuse Energy Corp.*, 64 AD3d 75, 78-79; *cf. Panek v County of Albany*, 99 NY2d 452, 455). Plaintiff's employer testified at his deposition that the filters were changed two to four times per year, and thus defendants established that the filters required replacement as a result of normal wear and tear (*see Abatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53; *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528; *cf. Pieri v B&B Welch Assoc.*, 74 AD3d 1727, 1728-1729; *Buckmann v State of New York*, 64 AD3d 1137, 1139), and plaintiff failed to raise an issue of fact whether that activity was protected under Labor Law § 240 (1) (*cf. Pieri*, 74 AD3d at 1728-1729; *Pakenhan v Westmere Realty LLC*, 58 AD3d 986, 987-988).

We agree with plaintiff, however, that the court erred in granting those parts of defendants' motion for summary judgment dismissing the complaint, as amplified by plaintiff's response to defendants' interrogatories and plaintiff's bill of particulars, insofar as it alleges a violation of Labor Law § 200 and common-law negligence. We therefore modify the order accordingly. "It is settled law that where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law" (*Lombardi v Stout*, 80 NY2d 290, 295). Defendants, however, may be liable for common-law negligence or the violation of Labor Law § 200 if they "had actual or constructive notice of the allegedly dangerous condition on the premises which caused the . . . plaintiff's injuries, regardless of whether [they] supervised plaintiff's work" (*Konopczynski v ADF Constr. Corp.*, 60 AD3d 1313, 1314 [internal quotation marks omitted]; *see McCormick v 257 W. Genesee, LLC*, 78 AD3d 1581, 1582). Here, defendants established that the ladder was properly secured to the wall and that plaintiff's action in carrying the filters caused him to fall from the ladder. Nevertheless, plaintiff's injuries were caused by falling over the three-foot-high guard railing to the concrete stairs below. Thus, even assuming, arguendo, that defendants established as a matter of law that they kept their premises in a reasonably safe condition, we conclude that plaintiff raised an issue of fact whether his injuries "resulted from

a hazardous condition at the work site[, i.e., the three-foot-high guard railing located approximately 2½ feet directly behind the 11-foot ladder], rather than from the manner in which the work [was] being performed" (*McCormick*, 78 AD3d at 1582).  Furthermore, inasmuch as Clover's employee who managed the building had accessed the roof from the ladder on several prior occasions, we conclude that plaintiff raised an issue of fact whether defendants had constructive notice of the alleged dangerous condition (*see Kobel v Niagara Mohawk Power Corp.*, ___ AD3d ___ [Apr. 1, 2011]; *Konopczynski*, 60 AD3d at 1315; *cf. Militello v New Plan Realty Trust*, 16 AD3d 1092).

Entered:  April 29, 2011                              Patricia L. Morgan
                                                     Clerk of the Court