# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1333**

**CA 12-01208**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

ROBERT LANDAHL AND GAIL LANDAHL,
PLAINTIFFS-RESPONDENTS,

V                                                                                 MEMORANDUM AND ORDER

CITY OF BUFFALO AND U&S SERVICES, INC.,
DEFENDANTS-APPELLANTS.
-------------------------------------------
U&S SERVICES, INC., THIRD-PARTY
PLAINTIFF-RESPONDENT,

V

INDUSTRIAL POWER & LIGHTING CORPORATION,
THIRD-PARTY DEFENDANT-APPELLANT.

---

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
DEFENDANT-APPELLANT U&S SERVICES, INC. AND THIRD-PARTY PLAINTIFF-
RESPONDENT.

CAPEHART & SCATCHARD, P.A., ELMIRA (MATTHEW R. LITT OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-APPELLANT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (BRYAN E. DOLIN OF
COUNSEL), FOR DEFENDANT-APPELLANT CITY OF BUFFALO.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeals from an order of the Supreme Court, Erie County (Gerald
J. Whalen, J.), dated December 8, 2011 in a personal injury action.
The order denied the motion of third-party defendant for summary
judgment, denied the motion of defendant City of Buffalo for summary
judgment and denied in part the cross motion of defendant-third-party
plaintiff U&S Services, Inc. for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of the cross
motion of defendant-third-party plaintiff with respect to the Labor
Law § 241 (6) claim in its entirety and as modified the order is
affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law
negligence action seeking damages for injuries allegedly sustained by

Robert Landahl (plaintiff) when his foot slid from a worn marble step with a 1½-inch depression on a stairway in City Hall in defendant City of Buffalo (City). Plaintiff was employed by third-party defendant, Industrial Power & Lighting Corporation (IPL), a subcontractor hired by defendant-third-party plaintiff, U&S Services, Inc. (U&S), the project manager. Plaintiffs asserted causes of action against U&S for violations of Labor Law §§ 200, 240 (1) and 241 (6) and common-law negligence. Plaintiffs also asserted a cause of action against the City for common-law negligence, and U&S commenced the third-party action against IPL seeking, inter alia, contractual indemnification. IPL subsequently moved for summary judgment dismissing the third-party complaint, and the City moved and U&S cross-moved for summary judgment dismissing the amended complaint against them. Supreme Court, in relevant part, granted U&S's cross motion with respect to the Labor Law § 240 (1) claim and with respect to the Labor Law § 241 (6) claim insofar as it is premised on the violation of 12 NYCRR 23-1.5 (a), 23-1.7 (d) and 23-1.32, and denied the motions of IPL and the City. IPL, U&S and the City appeal.

Turning first to IPL's appeal, we reject IPL's contentions that the court erred in denying its motion because the subcontract is unclear and ambiguous as to whether IPL must indemnify U&S relative to plaintiff's accident. " '[W]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed. The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances' " (*Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 433, quoting *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492). Here, the subcontract explicitly evidenced IPL's promise to indemnify U&S in the event of an on-the-job injury caused by an act or omission of IPL in the performance of that agreement (*see id.*). We further conclude that IPL failed to meet its initial burden of establishing that it was not negligent with respect to the accident (*cf. Martinez v Tambe Elec., Inc.*, 70 AD3d 1376, 1377-1378; *Masters v Celestian*, 21 AD3d 1426, 1427; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Turning next to U&S's appeal, we reject U&S's contention that its duty to maintain the premises in a safe condition was obviated by the open and obvious nature of the stair in question and thus that the court erred in denying its cross motion with respect to the Labor Law § 200 claim and the common-law negligence cause of action against it. "The issue whether a condition was readily observable impacts on plaintiff's comparative negligence and does not negate [a] defendant's duty to keep the premises reasonably safe" (*Pelow v Tri-Main Dev.*, 303 AD2d 940, 941; *see Bax v Allstate Health Care, Inc.*, 26 AD3d 861, 863). U&S's reliance on *Gasper v Ford Motor Co.* (13 NY2d 104, 110-111, *mot to amend remittitur granted* 13 NY2d 893) is misplaced. That case stands for the proposition that an open and obvious hazard *inherent in the injury-producing work* is not actionable, but here the defect complained of lies in the condition of the stair in question, not in the installation work plaintiff was assigned to perform. Thus,

the alleged open and obvious condition of the stair does not absolve U&S of its duty to keep the workplace in a safe condition (*see Tighe v Hennegan Constr. Co., Inc.*, 48 AD3d 201, 202; *England v Vacri Constr. Corp.*, 24 AD3d 1122, 1124; *cf. Dinallo v DAL Elec.*, 43 AD3d 981, 982). We further conclude that U&S failed to establish as a matter of law that the hazard posed by the stair was open and obvious and that they had no duty to warn plaintiff of that tripping hazard (*see Juoniene v H.R.H. Constr. Corp.*, 6 AD3d 199, 200-201).

Contrary to U&S's further contention with respect to the remaining Labor Law claims and the common-law negligence cause of action against it, the issue of proximate cause is for the jury (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784; *Prystajko v Western N.Y. Pub. Broadcasting Assn.*, 57 AD3d 1401, 1403). Although U&S contends that a slip on a smooth marble step is not actionable (*see Portanova v Trump Taj Mahal Assoc.*, 270 AD2d 757, 758, *lv denied* 95 NY2d 765), that contention is of no moment inasmuch as plaintiffs allege that plaintiff fell on a stair that was worn and cupped.

Contrary to the further contention of U&S, the issue whether U&S directed or controlled plaintiff's work methods is immaterial to a determination whether U&S is liable under the Labor Law § 200 claim and the common-law negligence cause of action against it. " 'Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work' " (*Fisher v WNY Bus Parts, Inc.*, 12 AD3d 1138, 1139, quoting *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *see Brownell v Blue Seal Feeds, Inc.*, 89 AD3d 1425, 1427). The theory of liability under that Labor Law section may be based either "on a defective condition of the premises [or] the manner of the work" (*Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349; *see Ortega v Puccia*, 57 AD3d 54, 61). U&S's contention "presupposes that supervision or control over the plaintiff's work is the proper legal standard against which the defendant['s] alleged liability is to be measured in this instance," i.e., based on the manner of the work (*Chowdhury v Rodriguez*, 57 AD3d 121, 128), and we agree with plaintiffs that they are alleging a defective condition of the premises. In any event, we conclude that U&S failed to meet its initial burden with respect to the Labor Law § 200 claim and the common-law negligence cause of action against it " 'because it failed to establish that it had no [actual or] constructive notice of the allegedly hazardous condition[]' " of the stair in question (*Kobel v Niagara Mohawk Power Corp.*, 83 AD3d 1435, 1435; *see Baker v City of Buffalo*, 90 AD3d 1684, 1685).

We further conclude under the circumstances of this case, however, that the court erred in denying that part of U&S's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is premised on the alleged violation of 12 NYCRR 23-1.7 (e) (1). U&S met its initial burden of establishing that 12 NYCRR 23-1.7 (e) (1) is inapplicable to the facts of this case (*see generally Smith v County of Monroe*, 229 AD2d 984, 984), and plaintiffs

failed to raise a triable issue of fact in opposition thereto (*see generally Zuckerman*, 49 NY2d at 562).  We therefore modify the order by granting that part of the cross motion of U&S with respect to the Labor Law § 241 (6) claim in its entirety.

Turning now to the City's appeal, we reject the City's contention that the prior written notice requirement of Buffalo City Charter § 21-2 applies to the facts of this case (*see Quackenbush v City of Buffalo*, 43 AD3d 1386, 1388).  Contrary to the further contention of the City, we conclude that there is a triable issue of fact whether the 1½-inch depression in the stair in question is a dangerous or defective condition (*see Smith v A.B.K. Apts.*, 284 AD2d 323, 323; *Wolcott v Forgnone*, 277 AD2d 1039, 1039; *see generally Trincere v County of Suffolk*, 90 NY2d 976, 977).  We have reviewed the remaining contention of the City and conclude that it is without merit.

Entered:  February 1, 2013                      Frances E. Cafarell
                                                Clerk of the Court