# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1460**

**CA 12-00596**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

FRANK FERGUSON AND EVA FERGUSON,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

HANSON AGGREGATES NEW YORK, INC.,
DEFENDANT-RESPONDENT.

---

LONGSTREET & BERRY, LLP, SYRACUSE (MICHAEL J. LONGSTREET OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

HISCOCK & BARCLAY, LLP, ROCHESTER (KEVIN M. HAYDEN OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Anthony
F. Shaheen, J.), dated December 13, 2011.  The order granted
defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied
and the complaint is reinstated.

Memorandum:  Plaintiffs commenced this Labor Law § 200 and
common-law negligence action seeking damages for injuries sustained by
Frank Ferguson (plaintiff) when he fell from the trailer of his truck
at defendant's mine facility.  At the time of his fall, plaintiff had
just finished redistributing gravel in his trailer, which he had
picked up from the mine facility.  According to plaintiff, that
redistribution was necessary to allow the load of gravel to be secured
with a tarp as required under state law.  Plaintiffs alleged that
defendant was negligent in failing to provide a "tarping platform" or
other type of fall protection so that he could have safely affixed the
tarp to his trailer.

We agree with plaintiffs that Supreme Court erred in granting
defendant's motion for summary judgment dismissing the complaint.  "It
is settled law that where the alleged defect or dangerous condition
arises from the contractor's methods and the owner exercises no
supervisory control over the operation, no liability attaches to the
owner under the common law or under section 200 of the Labor Law"
(*Lombardi v Stout*, 80 NY2d 290, 295).  Defendant, however, may be
liable for common-law negligence or the violation of Labor Law § 200
if it "had actual or constructive notice of the allegedly dangerous
condition on the premises which caused the . . . plaintiff's injuries,

regardless of whether [it] supervised [plaintiff's] work" (*Selak v Clover Mgt., Inc.*, 83 AD3d 1585, 1587 [internal quotation marks omitted]; *see McCormick v 257 W. Genesee, LLC*, 78 AD3d 1581, 1582; *Konopczynski v ADF Constr. Corp.*, 60 AD3d 1313, 1314-1315).  Although defendant established that it did not supervise or control plaintiff's work, defendant failed to establish that it did not have actual or constructive notice of the allegedly dangerous condition on the premises that caused plaintiff's injuries (*see Baker v City of Buffalo*, 90 AD3d 1684, 1685; *Kobel v Niagara Mohawk Power Corp.*, 83 AD3d 1435, 1435-1436).

We further conclude that the court erred in determining that the regulations promulgated by the Mine Safety and Health Administration were inapplicable to this case.  Contrary to defendant's contention, those regulations are not so narrowly construed as to apply only to miners.  Instead, under plaintiffs' theory that defendant had actual or constructive notice of the allegedly dangerous condition, an alleged violation of those regulations as they relate to defendant's common-law and statutory duty to maintain the premises in a reasonably safe condition so as to provide a safe place to work may be considered as some evidence of defendant's negligence (*see* PJI 2:29; *see generally Murdoch v Niagara Falls Bridge Commn.*, 81 AD3d 1456, 1457, *lv denied* 17 NY3d 702; *Cruz v Long Is. R.R. Co.*, 22 AD3d 451, 454, *lv denied* 6 NY3d 703; *Landry v General Motors Corp., Cent. Foundry Div.*, 210 AD2d 898, 898).  We note, however, that, inasmuch as defendant's alleged failure to comply with the regulation entitled "Site-specific hazard awareness training" (30 CFR 46.11) is unrelated to its duty with regard to the premises, any failure to comply with that regulation cannot be used as evidence of defendant's breach of its common-law or statutory duty to provide a safe place to work in this case.

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court