Parkhurst v Syracuse Regional Airport Auth. (2018 NY Slip Op 06670)





Parkhurst v Syracuse Regional Airport Auth.


2018 NY Slip Op 06670


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1045 CA 18-00118

[*1]PATRICIA M. PARKHURST, AS EXECUTRIX OF THE ESTATE OF MICHAEL W. PARKHURST, DECEASED, PLAINTIFF-APPELLANT,
v
SYRACUSE REGIONAL AIRPORT AUTHORITY, CITY OF SYRACUSE AND HUEBER-BREUER CONSTRUCTION CO., INC., DEFENDANTS-RESPONDENTS. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARCLAY DAMON LLP, SYRACUSE (JULIE M. CAHILL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered April 5, 2017. The order, insofar as appealed from, granted those parts of the motion of defendants seeking summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action against defendants City of Syracuse and Hueber-Breuer Construction Co., Inc. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the Labor Law § 200 claim and common-law negligence cause of action against defendants City of Syracuse and Hueber-Breuer Construction Co., Inc. are reinstated.
Memorandum: This Labor Law and common-law negligence action arises from injuries sustained by Michael W. Parkhurst (decedent) when he slipped and fell on plastic sheeting covering newly-laid carpet after descending a ladder while performing drywall finishing work. Defendants moved for summary judgment dismissing the complaint, and Supreme Court granted that motion. As limited by her brief, plaintiff contends that the court erred in granting those parts of the motion with respect to the Labor Law § 200 claim and common-law negligence cause of action against the City of Syracuse, which owned the building on which the work was being performed, and Hueber-Breuer Construction Co., Inc. (Hueber), which was the general contractor (collectively, defendants). We agree with plaintiff and therefore reverse the order insofar as appealed from.
Where, as here, "the worker's injuries result from a dangerous condition at the work site rather than from the manner in which the work is performed, the general contractor or owner may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and [has created or has] actual or constructive notice of the dangerous condition" (Steiger v LPCiminelli, Inc., 104 AD3d 1246, 1248 [4th Dept 2013] [internal quotation marks omitted]). "Thus, [d]efendants, as the parties seeking summary judgment dismissing those claims, were required to establish as a matter of law that they did not exercise any supervisory control over the general condition of the premises or that they neither created nor had actual or constructive notice of the dangerous condition on the premises" (id. [internal quotation marks omitted]), and defendants failed to meet that burden here.
We reject defendants' contention that decedent's injuries resulted from his own methods of work rather than a dangerous condition at the work site (cf. McCormick v 257 W. Genesee, LLC, 78 AD3d 1581, 1582 [4th Dept 2010]). The evidence submitted by defendants in support [*2]of their motion established that the plastic sheeting was not placed there by decedent or his employer, and the deposition testimony of various witnesses supported the inference that it was placed there by Hueber. Thus, while the placement of the plastic sheeting may have been part of Hueber's method of work, it was not a part of decedent's method of work. We reject defendants' further contention that the plastic sheeting constituted an open and obvious hazard inherent in decedent's work, which cannot serve as a basis for liability. " The issue whether a condition was readily observable impacts on [decedent's] comparative negligence and does not negate . . . defendant[s'] duty to keep the premises reasonably
safe' " (Landahl v City of Buffalo, 103 AD3d 1129, 1130 [4th Dept 2013]). Defendants' reliance on Gasper v Ford Motor Co. (13 NY2d 104, 110-111 [1963], mot to amend remittitur granted 13 NY2d 893 [1963]) is misplaced because "[t]hat case stands for the proposition that an open and obvious hazard inherent in the injury-producing work is not actionable, but here the defect complained of lies in the condition of the [floor] in question, not in the [drywall finishing] work [decedent] was assigned to perform" (Landahl, 103 AD3d at 1131).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court